BENJAMIN BISSELL and others *against* ELIHU HORTON.

THIS was an action of ejectment for lands in *Hebron*, in the state of *Connecticut*, alleging that the defendant ousted the plaintiffs of the demanded premises eighteen months before the commencement of the action, and had ever since remained in possession.

*Dana* and *Gilbert*, of counsel for the defendant, moved to erase this cause from the docket, on the ground, that from the description of the parties, it did not appear to be within the jurisdiction of the court. The plaintiffs were described thus: " *Benjamin Bissell*, late of *Hebron*, in the county of *Tolland*, in the state of *Connecticut*, now of *Saint-Johnsbury*, in the county of *Caledonia*, in the state of *Vermont*, a citizen of the state of *Vermont*, *Abel Bissell*, *Hezekiah Bissell*, *Elijah House*, *Francis Norton*, *John Thompson Peters*, of said *Hebron*, and *Asa Willey*, late of said *Hebron*, now of *Ellington*, in the county of *Tolland* aforesaid, citizens of the state of *Connecticut*." The defendant was described as follows: " *Elihu Horton*, of *Greenfield*, in the county of *Saratoga*, in the state of *New-York*, a citizen of the state of *New-York*, now dwelling in said *Hebron*." To support the jurisdiction, it ought to appear, either that the plaintiffs are citizens of *Vermont*, and the defendant a citizen of *Connecticut*, or that the plaintiffs are citizens of *Connecticut*, and the defendant a citizen of *New-York*. The first part of the alternative is not true ; for all the plaintiffs, except one, are described as residing in *Connecticut*, and are averred to be citizens of *Connecticut*. The second part of the alternative is equally groundless ; for it is averred, that the defendant is now dwelling in *Hebron*, in this state.

In an action of ejectment for lands in *Connecticut*, of which the defendant had disseised the plaintiffs 18 months before, and continued in possession, part of the plaintiffs were described as citizens of *Vermont*, and part as citizens of *Connecticut*, and the defendant was described as a citizen of *New York*, dwelling in *Connecticut*: Held that the plaintiffs were not citizens of *Vermont*, nor the defendant a citizen of *New York*, within the constitution and laws of the *United States*; and that the cause, therefore, was not within the jurisdiction of this court.

*J. T. Peters*, contra, insisted, that as the defendant was expressly averred to be a citizen of *New-York*, he must be so considered, notwithstanding his residence in *Hebron* at the time of commencing the suit. He might be transiently dwelling there, without any determination to remain there permanently. It will be admitted, that he is still a citizen of *New-York*, unless he has become a citizen of *Connecticut;* but a transient residence here will not make him such. The word "citizen," within the intent and meaning of the constitution and laws of the *United States*, in regard to this subject, has reference to such persons only as have the rights of freemen, and are eligible to civil offices, within the district where they dwell. But it does not appear, that the defendant has any such rights and qualifications in this state.

LIVINGSTON, J. The rights of suffrage and eligibility to office are of no weight in the decision of this point: it is to be determined on other grounds. The plaintiffs are partly in *Vermont*, and partly in *Connecticut*. They are not, therefore, citizens of *Vermont* within the constitution and laws of the *United States*. With regard to the defendant, it is admitted, that he now resides in *Connecticut*, and has resided here during the time in which he has been in possession of the demanded premises; which clearly evinces a determination in him to remain here permanently.

*Per Curiam.* Let the cause be erased from the docket.