## Case No. 980.

### BARGH et al. v. PAGE et al.

[4 McLean, 10.][1]

Circuit Court, D. Michigan. June Term, 1845.

COURTS—JURISDICTION—DIVERSE CITIZENSHIP.

1. The citizenship of a person not served with process, who is a joint promissor, must appear in the declaration.

[See Smith v. Clapp, 15 Pet. (40 U. S.) 125.] [Distinguished in Bank of Circleville v. Iglehart, Case No. 860.]

2. If he be a citizen of the same state as the plaintiff, the court can take no jurisdiction.

[At law. Suit by Bargh and Arcularius against Timothy Page and others. Motion to set aside verdict. Granted, with leave to amend declaration.]

Bates, Walker & Douglass, for plaintiffs.
Witherel & Buell, for defendants.

OPINION OF THE COURT. This is a motion to set aside the verdict obtained by the plaintiffs, for the reasons assigned. The second ground of the motion is, that there is no averment of citizenship of Timothy Page, one of the parties to the note, but who was not served with process.

By the plaintiff, it is contended that the non-joinder of a joint contractor can only be pleaded in abatement. Cabell v. Vaughan, 1 Saund. 290, 291c, note 4; Rice v. Shute, 5 Burrows, 2611; Minor v. Mechanics' Bank of Alexandria, 1 Pet. [26 U. S.] 46; Gilman v. Rives, 10 Pet. [35 U. S.] 298.

This was undoubtedly the rule at the common law, but the limited jurisdiction of this court will not admit of the same rule. The circuit court can take jurisdiction from the citizenship of the parties, only, when they reside in different states. By the act of 1839, if process shall not be served on all the defendants, the plaintiff may proceed to judgment against those who are before the court, provided it can be done without prejudice to those who have had no notice. But if the absent defendants live in the same state with the plaintiff, the court can not take jurisdiction, as between them and the plaintiff, as the suit would not be, as to them, between citizens of different states. But with this exception, the court may give judgment, though a part of the persons named as defendants have not been served with process. Against those who are served, the judgment will be good. In the special counts, there was an averment of non-residence as to T. Page, on whom process was not served, but those counts were discontinued, and in the general counts there was no such reference to his citizenship as to make the averment, in this respect, in the special counts, a part of the general. As this must appear on the face of the declaration, there was no necessity to plead an abatement, to take advantage

[1] [Reported by Hon. John McLean, Circuit Justice.]

of it as at common law. Upon the whole, we think the verdict must be set aside on the point reserved, and leave given to the plaintiffs to amend their declaration.