## Case No. 7,736.

### KETCHUM et ux. v. FARMERS' LOAN & TRUST CO.

#### [4 McLean, 1.] [1]

Circuit Court, D. Michigan. June Term, 1845.

COURTS — GROUNDS OF FEDERAL JURISDICTION — CITIZENS OF SAME STATE—JURISDICTION BY CONSENT.

1. The court have no jurisdiction of a case where the complainant, and one of the party defendants, reside in the same state.

2. In such a case, consent can not give jurisdiction, and a decree so entered, will be set aside on bill of review.

[Cited in Brigham v. Luddington, Case No. 1,874; Kelly v. Milan, 21 Fed. 863.]

———

[1] [Reported by Hon. John McLean, Circuit Justice.]

3. To give jurisdiction, the citizenship of the stockholders of a bank need not be averred, but the place where the bank is located must be stated.

In equity.

Mr. Romeyn, for complainants.
Mr. Barstow, for defendant.

OPINION OF THE COURT. This is a bill of review, filed by the complainants, to reverse a decree entered lately in this court, for errors on the face of the decree. The original bill was brought to foreclose a mortgage executed by the present complainants to the North American Trust and Banking Company, which had been assigned to the Farmers' Loan and Trust Company, both of the state of New York. Ketchum and wife were made defendants, and so was the Canal Bank of New York. The answers being filed, the parties, by their counsel, entered into a stipulation on which a decree was rendered, without calling the attention of the court to the subject. And the principal ground on which a reversal of the decree is asked is, a want of jurisdiction.

On the part of the defendants it is contended that a decree or judgment entered by consent, is a waiver of error. And that it cannot be set aside, either by a rehearing, appeal, or bill of review. That this is laid down in absolute terms by writers on chancery practice, and that it is sustained no less by reason than by authority. 2 Smith, Ch. Pr. 560; 1 Barb. Ch. Pr. 373; Webb v. Webb, 3 Swanst. 658; Smith v. Turner, 1 Vern. 273. It is said that a decree by consent, is binding, unless procured by fraud. 5 Johns. Ch. 564; Amb. 229. It is also urged, that the want of jurisdiction in the original case is a preliminary objection, which should have been made at or before the hearing; and that it can not now avail the plaintiff to this bill. That it is a well settled rule, that a party whose interest is not affected by the decree, can not file a bill of review; and that, if the court had not jurisdiction over one of the party defendants, the interests of such party are not affected by the decree. It is also contended, that the want of an averment of citizenship of the stockholders of the Farmers' Loan and Trust Company, is not necessary, since the decision in [Burwell v. Cawood] 2 How. [43 U. S.] 566.

Under the above decision, the citizenship of the stockholders of a bank need not be averred, but it is necessary to state where the bank is located, as the place of its business. A want of an averment of citizenship where jurisdiction is exercised, on that ground, the supreme court have held, does not make the proceedings void; but they may be reversed on writ of error. And it has been often held, that consent can not enlarge the jurisdiction of the courts of the United States. Where there is a want of jurisdiction upon the face of the proceedings at law, they will be reversed on a writ of error, or in

chancery the decree will be reversed· on a bill of review.

There was clearly no jurisdiction in the original case. The bill was filed by the "Farmers' Loan and Trust Company" of the state of New York; and the Canal Bank, one of the parties against whom the decree was entered, was also of that state. For this reason, the decree must be set aside; and the parties, if they desire it, may have leave to amend their pleadings, etc.

Leave given to amend, by making the Canal Bank co-complainant.

[NOTE. The Canal Bank, upon amendment. was made a co-complainant, and a motion was afterwards made to set aside the former stipulation, upon the ground that it was made before the reversal of the decree, when the parties to the record stood in a different relation than they now do after amendment, and because counsel for the Canal Bank was not authorized to make the stipulation. The motion was overruled. See Case No. 4,670.]