TUCKER, The JOHN. See Case No. 7,431.

---

# Case No. 14,228.

## TUCKERMAN v. BIGELOW et al.

[1 Brunner. Col. Cas. 631;[1] 21 Law Rep. 208; 3 Quart. Law J. 369.]

Circuit Court, D. Massachusetts. May Term, 1857.

COURTS — FEDERAL JURISDICTION — CITIZENSHIP — JOINT ACTION.

Where the interests of parties are joint, to sustain the jurisdiction each of the plaintiffs must be competent to sue each of the defendants in the federal courts.

[Cited in Grover & Baker Sewing Mach. Co. v. Florence Sewing Mach. Co., 18 Wall. (85 U. S.) 580; Romaine v. Union Ins. Co., 28 Fed. 636.]

[Cited in Bryant v. Rich, 106 Mass. 192.]

[This was a bill in equity by Samuel P. Tuckerman against Abraham O. Bigelow and others. Heard on demurrer.]

H. M. Parker, for complainant.
J. C. Dodge, contra.

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

CURTIS, Circuit Justice. This case came before the court on a demurrer to the bill taken by one of the defendants, a citizen of New Hampshire, and which assigned for cause that he was not a proper party. On looking into the bill it was found that it was brought by a citizen of the state of Vermont against a citizen of the state of Massachusetts, and two citizens of the state of New Hampshire. Upon a suggestion by the court to that effect, the question whether the court can exercise jurisdiction over the two citizens of New Hampshire in this suit by a citizen of the state of Vermont has been argued by counsel.

The eleventh section of the judiciary act of 1789 (1 Stat. 78) requires the suit to be between a citizen of the state where the suit is brought and a citizen of another state; consequently the complainant, a citizen of the state of Vermont, could not sue the two defendants, who are citizens of the state of New Hampshire, in this court, in the state of Massachusetts, and the fact that a citizen of the state of Massachusetts is also joined with them as a defendant, does not enable this court to take jurisdiction over the citizens of New Hampshire. Strawbridge v. Curtis, 3 Cranch.[7 U. S.] 267, has not been overruled, and the law requires each plaintiff to be competent to sue each defendant over whom the court is asked to exercise jurisdiction.

Nor has the first section of the act of February 28, 1839 (5 Stat. 321), nor the forty-seventh rule for the equity practice of the circuit courts, dispensed with this requirement. This act does not relate to persons who have been served with process, or who voluntarily appear in a suit. Its only purpose was to enable the court to proceed in certain cases, as between parties properly before it, and over whom the court had jurisdiction, although other parties might be out of the reach of process. It does not extend the jurisdiction of the court over parties not previously within its jurisdiction. Commercial Bank of Vicksburg v. Slocumb, 14 Pet. [39 U. S.] 60; Shields v. Barrow, 17 How. [58 U. S.] 141. And the same is true of the forty-seventh rule. "This was only a declaration, for the convenience of practitioners and courts, of the effect of this act of congress, and of the previous decisions of the supreme court on the subject of the rule." Shields v. Barrow, 17 How. [58 U. S.] 141.

I am of opinion the bill must be dismissed, as against the citizens of New Hampshire, for want of jurisdiction. Whether the subject-matter of the bill is such that the court can proceed to a final decree, as between the complainant and the citizen of Massachusetts, without affecting the rights of the citizens of New Hampshire, or whether the citizen of Massachusetts is competent to represent those rights, the complainant must consider. If not, no decree can be made, and the bill must be dismissed as against the Massachusetts citizen, for want of necessary parties.

Character of Parties Necessary to Give Federal Court Jurisdiction. See Case of Sewing Machines, 18 Wall. [85 U. S.] 580; Bryant v. Rich, 106 Mass. 192, citing above case.