## HASTINGS et al. v. HOOG et al.

(District Court, M. D. Pennsylvania. January Term, 1915.)

### No. 209-A.

1. COURTS ⬅➡308—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZEN-SHIP.

Where there are two or more joint plaintiffs and two or more defend-ants, each of the plaintiffs, having sued jointly, must be capable of suing each of the defendants in order to support jurisdiction of the federal court on the ground of diversity of citizenship, and where some of the plaintiffs are citizens of the same state as defendants the federal court has no jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. ⬅➡508.]

2. COURTS ⬅➡324—FEDERAL COURTS—JURISDICTION—MODE OF RAISING.

In the federal courts, where jurisdiction is based on diversity of citi-zenship, the objection that the court was without jurisdiction may be raised after defendants have answered to the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 882-884; Dec. Dig. ⬅➡324.]

In Equity. Bill by Phillip Hastings and others against Dr. E. Hoog and others. On motion to dismiss. Motion sustained, and bill dis-missed.

A. A. Vosburg, of Scranton, Pa., and J. B. Jenkins, of Carbondale, Pa., for plaintiffs.

John J. Toohey, of Scranton, Pa., for defendants.

WITMER, District Judge. [1] Defendant comes by motion to dis-miss this suit for want of jurisdiction. The bill discloses the fact that not all of the parties, either plaintiffs or defendants, are citizens of states other than Pennsylvania. In fact, all are citizens here, with the exception of one of the numerous plaintiffs named in the bill. Where there are two or more joint plaintiffs, and two or more defend-ants, and as in this case, having sued jointly, each of the plaintiffs must be capable of suing each of the defendants, in order to support the jurisdiction founded on diverse citizenship. Strawbridge et al. v. Curtiss, 3 Cranch, 266, 2 L. Ed. 435; New Orleans v. Winter, 1 Wheat. 91, 4 L. Ed. 44; Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Bissell v. Horton, 3 Day, 281, Fed. Cas. No. 1,448; Ward v. Arredondo, 1 Paine, 410, Fed. Cas. No. 17,148; Anderson v. Jack-

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

son, 2 Paine, 426, Fed. Cas. No. 357; Ketchum v. Farmers' Loan & Trust Co., 4 McLean, 1, Fed. Cas. No. 7,736; Bargh v. Page, Fed. Cas. No. 980, 4 McLean, 10; Tuckerman v. Bigelow, 21 Law Rep. 208, Fed. Cas. No. 14,228. Accordingly the test was reiterated by Chief Justice Waite in delivering the opinion in Pacific R. R. Co. v. Ketchum, 101 U. S. 298, 25 L. Ed. 932:

"In the Removal Cases, 100 U. S. 457 [25 L. Ed. 593], it was held that, for the purposes of jurisdiction, the court had power to ascertain the real matter in dispute, and arrange the parties on one side or the other of the dispute. If in such arrangement it appeared that those on one side were all citizens of different states from those on the other, jurisdiction might be entertained and the cause proceeded with."

[2] But counsel argues that defendants may not take exception, having answered to the merits. The reply is that, if Congress has not conferred the authority upon the court to entertain the action, it is of no importance what the suitors do to invoke it. The federal courts have only limited jurisdiction. Their authorities and powers are strictly statutory, and they can acquire jurisdiction of a case only in the manner pointed out by the statute. Farmington v. Pillsbury, 114 U. S. 138, 5 Sup. Ct. 807, 29 L. Ed. 114. Hence consent of parties to a suit cannot confer jurisdiction. Pacific R. R. Co. v. Ketchum, supra; Dawson v. Columbia Trust Co., 197 U. S. 181, 25 Sup. Ct. 420, 49 L. Ed. 713; Thomas v. Board of Trustees, etc., 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. 160. In the latter case, Justice Harlan, delivering the opinion of the court, says:

"It is equally well established that, when jurisdiction depends upon diverse citizenship, the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal, and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived. Mansfield Ry. Co. v. Swan, 111 U. S. 379 [4 Sup. Ct. 510, 28 L. Ed. 462]; Martin v. Baltimore & Ohio R. R. Co., 151 U. S. 673 [14 Sup. Ct. 533, 38 L. Ed. 311]; Powers v. Chesapeake & Ohio Ry., 169 U. S. 92, 98 [18 Sup. Ct. 264, 42 L. Ed. 673]. As late as in Minnesota v. Northern Securities Co., 194 U. S. 48, 62, 63 [24 Sup. Ct. 598, 48 L. Ed. 870], we said both parties insisting upon the jurisdiction of the Circuit Court: 'Consent of the parties can never confer jurisdiction upon a federal court.' If the record does not affirmatively show jurisdiction in the Circuit Court, we must, upon our own motion, so declare, and make such order as will prevent that court from exercising an authority not conferred upon it by statute."

The motion is sustained, and the bill is dismissed.