SEDDON *v.* VIRGINIA, T. & C. S. & I. Co. *et al.* SEDDON, Trustee, *v.* SAME. W. C. SEDDON *v.* SAME. PACE *v.* SAME. DOOLEY *v.* SAME. MABEN *v.* SAME. LEAKE *v.* SAME.

*(Circuit Court, W. D. Virginia. August 7, 1888.)*

1. REMOVAL OF CAUSES—CITIZENSHIP OF PARTIES.
    In a suit against a corporation and its directors jointly, to cancel subscriptions to the corporate stock, and to compel the defendants to refund the amounts already paid on the same, the directors are not merely nominal parties; and where one of them is a citizen of the District of Columbia, or a citizen of the same state as plaintiff, the suit is not removable under act Cong. March 3, 1887, § 2, providing that any suit in which the controversy is wholly between citizens of different states shall be removable to the United States circuit court.[1]

2. SAME—RECORD AND PETITION.
    A record and petition for removal of a cause from the state to the federal courts, which fails to show the citizenship of the petitioners at the time the suit was commenced, does not entitle them to a removal.

On Motion to Remand.

Seven suits, in which Thomas Seddon, Thomas Seddon, trustee, James B. Pace, James H. Dooley, W. C. Seddon, J. G. Maben, and T.

[1] Concerning the removal of causes under the act of March 3, 1887, on the ground of diverse citizenship, see Cooley v. McArthur, 35 Fed. Rep. 372, and note; Whelan v. Railroad Co., Id. 849.

C. Leake, Jr., were the respective plaintiffs, and the Virginia, Tennessee & Carolina Steel & Iron Company, a corporation, and its directors, were defendants, the object of which was to cancel subscriptions to the stock of the corporation defendant, and compel it and its directors to refund the amounts already paid in the subscriptions. Act Cong. March 3, 1887, § 2, provides that any suit in which the controversy is wholly between citizens of different states, and which can be fully determined as between them, shall be removable to the United States circuit court for the proper district.

*White & Buchanan, Christian & Christian,* and *W. W. Gordon,* for plaintiff.

*R. A. Ayers,* Atty. Gen., for defendants.

PAUL, J. These seven suits were instituted in the circuit court of Washington county, Va. The defendants, the Virginia, Tennessee & Carolina Steel & Iron Company, Frederick W. Huidekoper, John H. Inman, William P. Clyde, George S. Scott, A. H. Bronson, Extine Norton, and Nathaniel Thayer, petitioned the state court to remove these cases into this court, which petition was denied, and the said defendants, under the provisions of section 2, act March 3, 1887, amending act March 3, 1875, (24 St. at Large, 552,) presented their petitions, with a copy of the record, to this court, and the causes were docketed here at the May term, 1888. They are now submitted on a motion to remand to the state court, on the ground that this court has no jurisdiction of said causes. The object of all these suits is the same. They are brought by subscribers to the capital stock of the Virginia, Tennessee & Carolina Steel & Iron Company, for the purpose of annulling their subscriptions, and to recover the amounts already paid on such subscriptions, on the ground that the subscriptions were induced by fraudulent representations made by the directors of said company, and contained in a prospectus issued by said directors. The claims are made against the Virginia, Tennessee & Carolina Steel & Iron Company, a corporation under the laws of the state of New Jersey, and the directors of said company. The directors are the defendants Frederick W. Huidekoper, a citizen of the District of Columbia; John M. Bailey, a citizen of Virginia; George S. Scott, William P. Clyde, John H. Inman, A. H. Bronson, and Extine Norton, citizens of New York; and Nathaniel Thayer, a citizen of Massachusetts. The other defendants are citizens of the state of Virginia. It is conceded that they are merely nominal parties to the suits, and it is not necessary to consider their citizenship in discussing the question of the jurisdiction of this court. The citizenship of the plaintiffs in the several suits is as follows: Thomas Seddon, Thomas Seddon, trustee, James B. Pace, James H. Dooley, and T. C. Leake, Jr., Virginia; William C. Seddon, Maryland; and J. C. Maben, New York. The plaintiffs move that these causes be remanded to the state court—*First.* Because the petition for removal is insufficient, in that it fails to allege that the citizenship of the parties, as stated in the petition, existed at the commencement of the suits. The records, as brought into

this court, did not contain the bills filed in the several causes in the state court, the records being copied and brought here before the bills were filed. But by an agreement in writing, signed by counsel for the plaintiffs, and for the defendants, and filed at the hearing of this motion, the bill is made part of the record in each cause. The record, as thus made up, including the petition for removal, fails to show the citizenship of the petitioners at the time the suits were commenced. It is well settled that the citizenship of the parties, which gives jurisdiction to this court, must be shown to have existed at the time of commencing the suit, and at the time of filing the petition for removal. *Railroad Co.* v. *Swan,* 111 U. S. 379–381, 4 Sup. Ct. Rep. 510; *Gibson* v. *Bruce,* 108 U. S. 561, 2 Sup. Ct. Rep. 873; *Akers* v. *Akers,* 117 U. S. 197, 6 Sup. Ct. Rep. 669. If no other ground existed than the failure of the record and petition to show the citizenship of the parties at the time the suits were instituted, and when the application for removal was made, the court is of opinion that for this reason the causes should be remanded. *Second.* Another ground for the motion to remand is that the defendant Frederick W. Huidekoper, who is one of the directors of the Virginia, Tennessee & Carolina Steel & Iron Company, and who is jointly sued with said company and the other directors of said company, is not a citizen of any state, but is a citizen of the District of Columbia, and that the suits are therefore not between citizens of different states, and are therefore not removable. "States of the Union are the political bodies referred to in the extension of the judicial power of the United States to controversies 'between the citizens of different states.' The territories of the United States are not such states, and the District of Columbia is not a state, and hence citizenship in neither will suffice to give jurisdiction." Spear, Fed. Jud. 144, 145; *Hepburn* v. *Ellzey,* 2 Cranch, 445; *Corporation of New Orleans* v. *Winter,* 1 Wheat. 91; *Barney* v. *Baltimore City,* 6 Wall. 280.

Counsel for defendants contend that said Huidekoper, though one of the directors of the Virginia, Tennessee & Carolina Steel & Iron Company, is not a real, but only a nominal, party to these suits; that the only real defendant in the controversy is the Virginia, Tennessee & Carolina Steel & Iron Company; that all of the directors of said company are nominal parties; and, if not nominal, their liability is several and separable, and is not joined with that of the said company of which they are directors. The court cannot adopt this view. The bill in each suit seeks relief against the said Virginia, Tennessee & Carolina Steel & Iron Company, and all of the directors. The bill in each suit states:

"Your orator is advised that he has the right to have the said contract of subscription annulled and rescinded; to recover from the said company and the said directors the said sums paid by him on account of said stock, with interest on each payment from the time of its payment, and to have the estate of and debts due the said company in this state subjected to their payment."

The prayer of each bill is:

"That upon a hearing of the cause your honor will adjudge, order, and decree said contract of subscription to be null and void; that said company and

said directors pay to your orator the said sums paid by him on account of said stock, with interest on each payment from its date; that the said estate and debts of said company which have been attached in this cause be subjected to the payment of what is due your orator."

The charges in the bill and the prayer for relief make a single controversy. It is not a séparable one, so as to enable some of the defendants to remove the cause into this court. The plaintiffs have sued the defendants jointly, as they had a right to do, and they must be treated as joint defendants, and real parties to the controversy. *Railroad Co.* v. *Mills,* 113 U. S. 256, 5 Sup. Ct. Rep. 456; *Pirie* v. *Tvedt,* 115 U. S. 41–43, 5 Sup. Ct. Rep. 1034, 1161; *Sloane* v. *Anderson,* 117 U. S. 278, 279, 6 Sup. Ct. Rep. 730; *Little* v. *Giles,* 118 U. S. 602, 7 Sup. Ct. Rep. 32; *Wire Hedge Co.* v. *Fuller,* 122 U. S. 535, 7 Sup. Ct. Rep. 1265. This ground for remanding, to-wit, that the defendant Frederick W. Huidekoper is a citizen of the District of Columbia, and not of any state, and that the controversy is single and not separable, applies alike to all of the suits, and is sufficient cause for remanding them all.

It further appears from the record that the defendant John M. Bailey is a citizen of the state of Virginia, and that the plaintiffs in five of the suits, viz., Thomas Seddon, Thomas Seddon, trustee, James B. Pace, James H. Dooley, and T. C. Leake, Jr., are citizens of the same state. J. C. Maben, the plaintiff in another suit, is a citizen of the state of New York, the same state of which the defendants George S. Scott, William P. Clyde, John H. Inman, A. H. Bronson, and Extine Norton are citizens. In all of these suits, then, it is clear that the requisite citizenship to give this court jurisdiction does not exist. The opposing parties in the suits have not each a different state citizenship.

Other reasons are assigned by counsel for remanding these causes, but it is unnecessary to consider them. The foregoing are sufficient. Orders will be entered in all the causes, remanding them to the state court.