## JOHNSON *et al. v.* BUNKER HILL & S. M. & C. Co.

*(Circuit Court, D. Idaho.* April 29, 1891.)

1. REMOVAL OF CAUSES—ADMISSION OF TERRITORY.

The Idaho admission act, providing for transfer, from territorial to national courts, of such causes as might have been commenced in the latter courts, had they existed when the actions were instituted, does not give to such national courts a greater or different jurisdiction from that granted to other United States courts, nor to the citizens of Idaho different privileges from those enjoyed by the citizens of other territories.

2. SAME—CITIZENS OF TERRITORIES—PARTIES TO ACTION.

The constitution of the United States, providing for jurisdiction of United States courts in actions between citizens of different states, has no application to actions between citizens of territories and states; hence an action in which the parties on one side were citizens of Idaho territory at time action was commenced cannot be transferred to United States courts.

3. SAME—CAUSES PENDING IN TERRITORIAL SUPREME COURT AT ADMISSION.

The right to transfer such to United States circuit courts, except that class of cases in which the circuit court has appellate jurisdiction from the United States district court, questioned, but not determined.

Motion to Remand to State Court.

*John R. McBride, F. Ganahl,* and *Wm. H. Clagett,* for defendant.

*W. B. Heyburn,* for plaintiff.

Before SAWYER, Circuit Judge, and BEATTY, District Judge.

SAWYER, J., *(orally.)* This case was commenced under the territorial government, before the territory of Idaho was admitted into the Union as a state. The last affidavit filed, which, for the purposes of the decision, we shall assume was regularly filed, shows what the record does not, that one of the parties to this suit, was a citizen of the territory of Idaho, at the time the suit was commenced, and the other a citizen of a state; and, consequently that the case would not, at that time, have been within the jurisdiction of any circuit court of the United States, on the ground of diversity of citizenship. Unless the act of admission has changed the rights of the parties, since the commencement of the suit, this court has no jurisdiction and the case should have gone to the state court; and it has been improperly sent here. There is nothing in the record that shows, that the cause arises under the laws of the United States, in such sense as to give this court jurisdiction. We, therefore, must determine the question of jurisdiction on the point of diversity of citizenship of the parties. It is sent here under the idea that the law provides that the case shall come into this court, and this court shall have jurisdiction, notwithstanding the fact, that the circuit court of the United States would not have had jurisdiction at the time the action was commenced, and the point is, whether that position is correct or not. Two decisions of the court in the district of South Dakota, (*Herman* v. *McKinney,* and *Dorne* v. *Silver Min. Co.,* 43 Fed. Rep. 689, 691, decided by Judges EDGERTON and SHIRAS,) maintain that view. Another decision in the district of Montana by Judge KNOWLES, (*Strasburger* v. *Beecher,* 44 Fed. Rep. 209, and one by Judge HANFORD in the district of Washington, (*Nickerson* v. *Crook,* 45 Fed. Rep. 658,) maintain

contrary views, and the question is, which is right?[1] After a full consideration of the subject, we are satisfied, that the decisions of Judges KNOWLES and HANFORD present the correct interpretation of the statute. We do not think there is any provision for the circuit court of the district of Idaho entertaining jurisdiction in cases, in which, it would not have had jurisdiction had it been in existence at the time of the commencement of this suit; and it would not have had jurisdiction, at that time, had it been in existence, of a suit between a citizen of a territory on one side and a citizen of a state on the other side. The clause under which the view expressed in the first cited cases, is supposed to be sustained is section 18, which may be regarded as somewhat ambiguous in meaning, taken by itself:

"That in respect to all cases, proceedings and matters now pending in the supreme or district courts of said territory at the time of the admission into the Union of the state of Idaho, and arising within the limits of such state, whereof the circuit and district courts by this act established might have had jurisdiction under the laws of the United States had such courts existed at the time of the commencement of such cases, the said circuit and district courts, respectively, shall be successors of said supreme and district courts of said territory; and in respect to all other cases, proceedings and matters pending in the supreme or district courts of said territory at the time of the admission of such territory into the Union, arising within the limits of said state, the courts established by such state shall, respectively, be the successors of said supreme and district territorial courts; and all the files, records, indictments, and proceedings relating to any such cases shall be transferred to such circuit, district and state courts, respectively, and the same shall be proceeded with therein in due course of law."

Now it is supposed in the cases in South Dakota, that, this clause, where the circuit or district court of the present district of South Dakota might have had jurisdiction by the laws of the United States had such court existed at the time of the commencement of such suits, authorize those suits which were commenced in the territorial court before admission by citizens of the territory against citizens of a state to be transferred to the present circuit and district courts of that district; that they passed to the circuit court of the United States, for that district. That section, perhaps, is, as before intimated, a little ambiguous, taken by itself, but we do not think that that was the intention of congress, after taking into consideration the preceding and succeeding sections of this act. In section 16 it is provided that "the circuit and district courts for said district, and the judges thereof, respectively, shall possess the *same powers and jurisdiction* and perform the same duties *required to be performed by the other circuit and district courts and judges of the United States, and to be governed by the same laws and regulations.*" That indicates a purpose to give the circuit and district courts of Idaho the same jurisdiction that is possessed by the circuit and district courts of other districts, and no more. It does not appear to contemplate an *exceptional* jurisdiction. And, to give the construction that is contended

[1]NOTE. Since the announcement of the decision of this case I find a decision of Judge KNOWLES maintaining the same view in *Dunton* v. *Muth*, 45 Fed. Rep. 391.— [SAWYER, C. J.]

for would be to defeat that provision and give the circuit court for the district of Idaho jurisdiction which the United States circuit courts of other districts did not before, and, do not, now, have. Again, the court shall "*be governed by the same laws and regulations*" as those which govern the United States circuit and district courts and judges of other circuits and districts; and to give the construction contended for would be to hold that the circuit court of Idaho, would not be governed by the same laws, and regulations, as the circuit courts of other circuits, and districts, whose jurisdiction is not affected by a change of citizenship *pendente lite.* So, again, section 19 provides that "from and after the admission of said state into the Union, in pursuance of this act, the laws of the United States, not locally inapplicable *shall have the same force and effect within said state as elsewhere within the United States,*" thus again expressing an intention to put, and keep, the people of Idaho, upon precisely the same footing, as the people elsewhere in the United States, and territories; and not to make them an exception in this matter of jurisdiction as the construction contended for, and adopted in South Dakota, would do. Had one of the parties to this suit been a citizen of Utah, Arizona or New Mexico, instead of a citizen of Idaho, at the time of the commencement of the suit, I think it would not be, seriously, contended that upon the admission of Idaho, and organization of the circuit court, the case would have gone to the United States circuit court. Yet there is no more reason in public policy for granting this right to a citizen of Idaho than to a citizen of any other territory. Again, we are not to suppose that congress intended to extend the jurisdiction beyond the provisions of the constitution, even if it has the constitutional power to do so, unless the act is so explicit, that it will bear no other construction.

Now the constitution provides for the jurisdiction of the courts of the United States in cases between citizens of different states, not between citizens of a territory and a state. To give this construction would also be to confer favors upon the citizens of the territory of Idaho, and the Dakotas, and Washington, that were not conferred upon the citizens of any other state or territory; it would be to change their *status* in this particular after the commencement of the suit. We do not think congress intended any such result or contemplated any such change. It did not intend to go beyond the constitutional provision. We think it simply intended to enforce the laws of the United States with reference to the litigation of parties and the jurisdiction of courts as they then stood, and as they were applicable to all other states and territories, and as applicable at the time of the commencement of the suit, only, as is done in the several removal acts, where a change of citizenship, after suit commenced, does not affect the right of removal either way. We desire to call attention to this provision also: "The records * * * shall be transferred to such circuit district and *state* courts, *respectively*, and the same *shall be proceeded with therein in the due course of law.*" That is to say, the general laws of the United States applicable to the proceedings of these courts in other districts shall apply to them in the district of

Idaho, whether the case goes to a United States, or state court. And again, the provision under which the question arises is "that in respect to all cases, proceedings and matters now pending in the supreme or district courts of said territory at the time of the admission into the Union of the state of Idaho and arising within the limits of such state whereof the circuit or district courts by this act established might have had jurisdiction under the laws of the United States *had such courts [not such state] existed at the time of the commencement of such cases*, the said circuit and district courts respectively, shall be the successors of said supreme and district courts of said territory." At the time this suit was commenced this court had it existed, would have had no jurisdiction of it on the ground of citizenship because it would have had no jurisdiction of a case between citizens of a territory, and citizens of a state; that is settled by the laws of the country and numerous decisions of the supreme court. If congress gives it that jurisdiction, then it must do so by some act—some provision changing the rights of the parties, passed after the commencement of this suit. And the intention of congress to make such changes, *out of harmony with its general system*, should be expressed in unequivocal terms.

Says the learned judge, in *Dorne* v. *Silver Min. Co.*, before cited, 43 Fed. Rep. 694: "Now no circuit court of the United States *can exist except* in a state admitted into the Union." Then, to state the proposition differently, the enabling act gives jurisdiction at the commencement of the action, provided South Dakota had at *that time been a state in the Union*, and a circuit court of the United States organized therein. But South Dakota was not at that time a state and there was no circuit court of the United States, organized therein, and the statute does not say that the present circuit court shall have jurisdiction over all cases over which it might have taken jurisdiction had South Dakota then been a state, and one of the parties to the suit had then been a citizen of the then state of South Dakota. We submit that this is an entirely different proposition, instead of the same proposition differently stated. The interpretation contended for requires this imaginary interpolation into the statutes, which we are not authorized to make. The supposed existence of a circuit court of the United States for the district of Idaho, by no means authorizes, also, a supposed imaginary *state* of Idaho. We cannot concur in the statement that "no circuit court of the United States *can exist*, except in a state admitted into the Union." We know of nothing in the constitution to prevent congress from creating just such a court as we now have, if, in its wisdom, it had seen fit to do so, for administering the purely national laws as in the case of states, leaving the territorial laws, enacted by its legislation to be administered in the territorial courts, instead of mingling their administration in the territorial courts, as is now done. The territorial courts now, as we understand the matter, act in two capacities. Why might not congress, if it deemed best, separate the two classes of business? Suppose Idaho had not been created a state, but congress had adopted a law on the model of section 16 of the act of admission reading as follows:

"That the said territory of Idaho shall constitute a judicial district the name thereof to be same as the name of the territory, and the circuit and district courts therefor shall be held at the capitol of the territory for the time being, and the said circuit and district courts shall have and exercise the same jurisdiction and powers and in like cases as is exercised by all other circuit and district courts of the United States, and the said district shall, for judicial purposes until otherwise provided, be attached to the ninth circuit. There shall be appointed for said district, one district judge, one United States marshal, one clerk of the district and one of the circuit court, and one United States attorney."

What constitutional objection could be successfully urged against such a law? And if such a law had passed in what respect would these courts so created have been different from the "circuit and district courts for the district [not state] of Idaho," now created? They would have been United States circuit and district courts for the district of Idaho, as they now are, with precisely the jurisdiction, functions, and powers they now have. The state, as such, has no concern with the present courts. The state is only referred to in the section creating this district to define the boundaries, and its name furnishes a name for the district, or is adopted as the name of the district. Why would not the supposed courts be substantially, in all things, the same courts as the present ones? If we are right in this supposition, then, it does not follow that if such a court had been created, there must also necessarily, have been a state created. We are satisfied therefore, that the decisions of Judges KNOWLES and HANFORD give the correct interpretation of this statute and, that, this case is not embraced within the purview of the provision in question, and is not entitled to go into the circuit court, on the ground of the diversity of citizenship, and that it was improperly, sent to this court, and should have been sent to the state court. The order to remand to the state court will therefore be made. *Dorne* v. *Silver Min. Co.*, as shown by the report of the case in 48 Fed. Rep. 691, was transferred from the *supreme court of the state*, after admission, where it was then pending, the case having been pending in the territorial supreme court, at the time of the admission of South Dakota as a state. It was an action for damages, wherein a verdict and judgment were had in the court of original jurisdiction for over $15,000. That case, it appears to us as now advised, should have remained in the state supreme court, and not have been sent to the circuit court of the United States. We find no authority in the law admitting the state, or any other law for transferring such a case to the circuit court, or any authority in the statutes whatever, anywhere for exercising by the circuit courts, either before or after the admission, *appellate* jurisdiction *in such a case.* If we are right in this view, then, the questions decided, arising upon the diversity of citizenship, were out of the case altogether, as the circuit court could not take jurisdiction under any circumstances.

This ground of want of jurisdiction, or authority of the circuit court to succeed to the supreme court of the territory in that case does not appear to have been called to, or to have attracted, the attention of the court. If it did attract the attention of the court, then in construing

the admission act, the court must have overlooked the fact that the circuit court has but a very limited appellate jurisdiction from the district court, as in admiralty cases, in which the exclusive jurisdiction, original and appellate cases, is in the national courts. In such cases, the United States district courts under the national system in use, have original jurisdiction, and the circuit courts, appellate jurisdiction from the district courts. In the territories the original jurisdiction is in the ordinary courts of the territory of original jurisdiction, and the appellate jurisdiction in the supreme courts of the territories. Now, on the admission of a state in such cases, and such other limited classes of cases over which the circuit courts have *exclusive* jurisdiction on appeal from the *exclusive* original jurisdiction of the district courts, appeals may be pending in the supreme court of the territory, and these must, necessarily go to the circuit courts, if anywhere, as the states have no jurisdiction over them; and nothing to do with them. On the other hand, there may, also, be pending in the supreme court of the territory, on its admission as a state, appeals from the lower courts in cases, which are properly of state cognizance, and over which the circuit courts of the United States have no appellate jurisdiction, whatever, and with which they have no right to concern themselves. These, of necessity, should go from the territorial supreme court, to the state supreme court which takes its place, and where only they belong. Thus on the admission of a territory as a state, there may be pending in its supreme court, on appeal both classes of cases, one of which belongs exclusively to the circuit court of the United States, and the other exclusively to the supreme court of the state. And the act for the admission of Idaho, evidently, provides for both classes; and sends them to the proper courts—those which belong to the circuit court, it having the exclusive appellate jurisdiction, to the circuit court; and those which belong to the state jurisdiction to the supreme court or appellate court of the state. The language of the act seems clear on this point, and susceptible of but one construction, that can give all its words full force, and meaning. It is:

"And the *circuit* and district and *state* courts herein named, shall *respectively, be successors of the supreme court of the territory, within the limits embraced within the jurisdiction of such courts, respectively,* with full power to proceed," etc. Section 17.

Now this confers no new jurisdiction on either the circuit court, or supreme court of the state, but simply transfers to each the cases in which they *respectively, already have jurisdiction, under the laws of congress,* and under the laws of the state *respectively,* under which they are organized. And section 18 carries out the idea in this language:

"In respect to all cases, proceedings and matters now pending in the *supreme,* or *district* courts of said territory, at the time of the admission into the Union of the said state of Idaho, whereof the circuit or district courts by this act established, *might have had jurisdiction under the laws of the United States had such courts existed at the time of the* commencement of such cases, the said circuit and district courts respectively shall be the successors of said supreme and district courts of said territory."

Now the circuit court *at this time* has no appellate jurisdiction from any court whatever of such a suit as that transferred from the supreme court of South Dakota to the circuit court of said district, consequently, it could not have had jurisdiction of the same, or a similar case "under the laws of the United States," had this court existed at the time of the commencement of that case. It is, therefore, not within any provision of the act, but it clearly falls within the next provision of section 18:

"And in respect to *all other cases, proceedings,* and matters pending in the *supreme* and district courts of said territory at the time of the admission of such territory into the Union, arising within the limits of said state, the *courts,* [plural, including supreme as well as district courts,] *established by such state* shall, *respectively,* be the successors of said *supreme* and district territorial courts, [and the records, etc.,] shall be transferred to such circuit, district and state courts, respectively, and the same shall be proceeded with in due course of law."

That is to say, all cases pending on appeal in the supreme court of the territory at the date of admission, over which the circuit court has appellate jurisdiction by the other laws of the United States, as in admiralty and bankruptcy cases, and such other very limited classes as have been confided to its appellate jurisdiction, should be transferred to the United States circuit court; and all others to the supreme court of the state. As was said in discussing the first point, any other construction would take the circuit courts of Dakota and Idaho out of harmony with the system of circuit courts established under the constitution and laws of the United States, and give them on exception *appellate* jurisdiction—an appellate jurisdiction not vested in any of the older circuit courts; whereas congress in the various sections quoted plainly indicates a purpose to put them upon the same footing with the other circuit courts, and that they shall have the same power, and be governed by the same laws, and no other. The case in question, in our judgment, as at present advised, should have gone to, and remained in, the state supreme court, and not have been sent to the United States circuit court. This point is not directly, involved in this case, and is, therefore, not now finally decided; but it is understood that there are probably, several similar cases in the new districts of Washington, Montana, and Idaho, in this circuit, and as I shall not traverse that part of the circuit, again for some time, the new district judges are desirous of obtaining my views upon the subject. When the question directly arises either before myself, or the district judges, we shall have it fully argued, and then, after mature consideration, decide the point as though it had not before been considered. These suggestions will not, under the circumstances, be regarded as authoritative, when the question arises for adjudication, and the judges will give them only such weight and consideration, as they deem them to merit. Let the cause be remanded to the state court, upon the ground first discussed in this decision.