WELLER et al. v. HANAUR et al.

(Circuit Court, E. D. Pennsylvania. December 11, 1900.)

No. 84.

1. JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF PARTIES.

A federal court is without jurisdiction of a suit by two plaintiffs, one of whom is a citizen of a state and the other of a territory, against citizens of another state; and where the facts appear in the record the objection may be taken at any stage of the proceedings.

2. SAME—AMENDMENT AFTER TRIAL—CHANGE OF PARTIES.

An amendment of the record cannot be allowed after trial to confer jurisdiction which did not in fact exist at the time the suit was commenced or tried; as by striking from the record in a suit in a federal court the name of a plaintiff, whose citizenship deprived the court of jurisdiction, upon an assignment of his interest in the cause of action to his co-plaintiff after the trial.

On Motion by Defendants for Judgment on Reserved Point, and Motion by Plaintiffs to Amend Record.

C. Wilfred Conard, for plaintiffs.

Ira J. Williams, for defendants.

J. B. McPHERSON, District Judge. The declaration avers, and the testimony at the trial proved, that one of the plaintiffs was a citizen of Oklahoma territory at the time the suit was brought, the other plaintiff being a citizen of Missouri, and the defendants being citizens of Pennsylvania. This raises a question of jurisdiction, and upon this ground alone the defendants were entitled to binding instructions in their favor; and, as their point requesting such instructions was reserved, they are now entitled to judgment notwithstanding the verdict against them. No argument is needed to establish the proposition that a citizen of a territory cannot sue a citizen of a state in the federal courts. There are many decisions to this effect, of which one or two may be cited: City of New Orleans v. Winter, 1 Wheat. 91, 4 L. Ed. 44; Hooe v. Jamieson, 166 U. S. 395, 17 Sup. Ct. 596, 41 L. Ed. 1049. It is also beyond dispute that, where there are more plaintiffs than one, each must be capable of suing in the federal courts, or the necessary jurisdiction does not exist. The present suit, therefore, was brought in the wrong tribunal; and, as the defective jurisdiction appears in the record, it is the duty of the court to sustain the defendants' objection, and dismiss the suit at any stage of the proceedings.

Conceding the correctness of this position, the plaintiffs seek to cure the defect by amendment. They produce an assignment executed since the trial by the citizen of Oklahoma, transferring his interest in the suit to the citizen of Missouri, and consenting that the suit should be brought and continued by the latter individually. Upon this assignment they found a motion to amend the record by striking out the name of the citizen of Oklahoma as a party plaintiff, and by further amending so that the plaintiff may now be described as "J. H. Weller, a citizen of the state of Missouri, who was with Robert T. Weller, late trading as Weller Bros." It is clear

that the motion must be denied, and I think that only one objection need be noticed. This is an attempt by a subsequent act of a party to confer a jurisdiction that did not exist at the date of the suit, and such an attempt certainly cannot succeed. Courts exercise the power of amendment liberally, but it has never been used for such a purpose as this. Where jurisdiction actually exists, an erroneous or defective statement of jurisdictional facts may, no doubt, be corrected so as to show the truth; but that is very different from what is now proposed. This motion is intended, not to show the truth, but to make the record declare what is not true, namely, that the suit was brought originally by one plaintiff alone, and that the court had thus acquired a jurisdiction which confessedly it has never yet had. Jurisdiction cannot be given by such an act of a party so as to have a retroactive effect, and put life into what has hitherto been void. I do not consider the objection that one partner could not sue in his separate name upon a cause of action that had accrued to the partnership.

The motion to amend is denied. Judgment will be entered on the reserved point in favor of the defendants notwithstanding the verdict, but without prejudice to the right of the plaintiffs to bring another suit in a court having proper jurisdiction.