McCLELLAND v. McKANE et al.

(Circuit Court, D. Nevada. May 13, 1907.)

No. 826.

**1. COURTS—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP.**

A federal court is not given jurisdiction on the ground of diversity of citizenship of a suit between a citizen of a state and a citizen of a territory.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 853.

Diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullaghan, 27 C. C. A. 298.]

**2. SAME—STOCKHOLDERS' SUIT—INDISPENSABLE PARTIES.**

In a suit by a stockholder against a corporation and others founded in rights which may properly be asserted by the corporation, such corporation is an indispensable party, and a federal court is without jurisdiction of the suit on the ground of diversity of citizenship where the complainant is a citizen of a state and the corporation of a territory, although the requisite diversity exists as between complainant and other defendants.

In Equity.   On demurrer to bill.

James H. Budd, for complainant.
Key Pittman, for respondents McKane and Bowes.

FARRINGTON, District Judge (orally). The complainant, McClelland, is a citizen of Ohio. The respondents McKane and Bowes are both aliens. The respondent corporation was organized under the laws of the territory of Arizona, and is doing business and has a legal agent upon whom process may be served in the state of Nevada. The citizenship of the remaining respondents, Taylor, Taylor, Holt, Robinson, and Booth, directors of said corporation, is not set out in the bill of complaint. The complainant is a stockholder of the respondent corporation, and brings this action to compel the respondents McKane and Bowes to account to said corporation for the proceeds of more than $20,000 worth of ores, alleged to have been wrongfully mined and extracted by them from the mining ground of said corporation. The Jumbo Mining Company and its present board of directors were regularly requested by the complainant to institute legal proceedings to recover for the injury, but refused to do so, and hence they are joined as respondents.

The most important question here is as to whether this court has jurisdiction. If not, it is unnecessary to consider other objections raised by the demurrer. Diverse citizenship is the only ground of federal jurisdiction which is suggested by the record, and it appears that one of the respondents is a citizen of Arizona. Whether the remedy for the grievances set out in the pleadings is an action for an accounting, or an action in damages for the wrongful conversion of the ores, nevertheless the injury to be redressed is an injury to the respondent corporation. If the complainant prevails, the party benefitted will be the corporation. If an accounting is awarded, McKane and Bowes must account, not to the complainant, but to the corporation. If moneys are collected from McKane and Bowes as a result of these proceedings, such moneys must be paid, not to the complain-

ant, but into the treasury of the corporation. The Jumbo Mining Company is therefore a very real party in interest. It is not merely a formal party, or a proper party. It is an indispensable party to this litigation, and as such its character is a factor which cannot be ignored in determining whether the requisite diversity of citizenship exists to confer jurisdiction on this court. Groel v. United Electric Co. (C. C.) 132 Fed. 252, 254; Davenport v. Dows, 18 Wall. 626, 21 L. Ed. 938. The Jumbo Mining Company was organized under the laws of Arizona, and this fact determines its citizenship. It is a citizen of the territory of Arizona; and the fact that it is engaged in business in Nevada, and has there a statutory agent upon whom process can be served, does not make it a citizen of Nevada within the meaning of the federal judiciary act. Shaw v. Quincy Mg. Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Freeman v. American Surety Co. (C. C.) 116 Fed. 549; California Oil & Gas Co. v. Miller (C. C.) 96 Fed. 12, 16.

The judiciary act provides that the jurisdiction of the Circuit Courts of the United States shall extend to "controversies between citizens of different states," and also to "controversies between a citizen of a state and foreign citizens or subjects." The language of the act cannot be construed to include a controversy between aliens, or a controversy between citizens of different territories, or a controversy between a citizen of a state and a citizen of a territory. A territory is not a state within the meaning of the act defining the jurisdiction of the federal courts. It has uniformly been held that a citizen of a territory can neither sue nor be sued in the Circuit Courts of the United States on the ground of diverse citizenship. Barney v. Baltimore City, 6 Wall. 280, 287, 18 L. Ed. 825; Watson v. Bonfils, 116 Fed. 157, 53 C. C. A. 535; Weller v. Hanaur (C. C.) 105 Fed. 193; Johnson et al. v. Bunker Hill & S. M. & C. Co. (C. C.) 46 Fed. 417; Seddon v. Virginia, etc., Co. (C. C.) 36 Fed. 6, 1 L. R. A. 108. Jurisdiction over the cause cannot be sustained because the complainant is a citizen and two of the respondents are aliens. If one of the necessary parties defendant is incompetent to be sued in this court, the fact that all other parties to the action are competent will not save the situation. Hooe v. Jamieson, 166 U. S. 395, 17 Sup. Ct. 596, 41 L. Ed. 1049. In Anderson v. Watts, 138 U. S. 694, 702, 11 Sup. Ct. 449, 451 (34 L. Ed. 1078), the Supreme Court uses this language:

"If it appears * * * that each of the indispensable adverse parties is not competent to sue or liable to be sued, then the Circuit Court cannot maintain cognizance of the suit."

And again in Coal Co. v. Blatchford, 11 Wall. 172, 174, 20 L. Ed. 179, the same court expresses the rule in this way:

"In other words, if there are several coplaintiffs, the intention of the act is that each plaintiff must be competent to sue, and, if there are several codefendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained."

Therefore, if it be conceded that the complainant McClelland, a citizen of Ohio, can maintain an action for an accounting in the Circuit Court of the United States for the District of Nevada against the two alien respondents, the fact that a citizen of Arizona, one of the re-

spondents, is an indispensable party to the action, shuts the case out of this forum. The authority by which this court takes cognizance of civil suits at law or in equity must be found clearly expressed in the judiciary act. That act must be construed strictly. Where it fails to confer jurisdiction, there is no jurisdiction, and that act has nowhere provided a method by which a citizen of a territory can sue or be sued in a Circuit Court of the United States on the ground of diverse citizenship.

Let an order be entered dismissing the action, and allowing the respondents their costs.