KUCHLER v. GREENE et al.

(Circuit Court, S. D. New York. June 9, 1908.)

1. TRUSTS—SUITS TO ENFORCE—EQUITABLE OWNERSHIP—SUFFICIENCY OF FACTS.

The bill alleges: That G. sold certain mining properties to M., agreeing to hold the titles in trust for M. or his assigns. M. sold to K. a certain percentage interest in said properties, and to others certain other percentage interests. M. subsequently formed the Cobre Company, to which he transferred his interests in said properties, with G.'s knowledge and consent. K. surrendered the evidence of her interest in said properties for a like proportionate part of the stock of the Cobre Company. G. subsequently formed the Cananea Company, to which he transferred the properties in question, in exchange for its capital stock, which, in turn, he transferred to the Greene Company in exchange for substantially all of its capital stock. Afterwards the Greene Company acquired a majority of the stock of the Cobre Company and complete control of that corporation, whereupon from that time G., the Greene Company, and the Cananea Company entirely ignored K., the Cobre Company, and all its minority stockholders. K., as a minority stockholder of the Cobre Company, files her bill against G., the Greene Company, and the Cananea Company for an accounting, making the Cobre Company a party defendant. K. is a citizen of California. G. is a citizen of the Southern district of New York. The Greene Company is a citizen of West Virginia. The Cananea Company is a citizen of Mexico. The Cobre Company is a citizen of Arizona. All the defendants have entered their general appearance. *Held*: (1) The bill states a good cause of action in K. to compel an accounting from G., the Greene Company, and the Cananea Company; and (2) the bill states a good cause of action in K. which antedates her rights as a stockholder of the Cobre Company, as under the facts alleged K. is at liberty to reassert her percentage ownership in said properties and to compel an accounting thereof from G., the Greene Company, and the Cananea Company.

2. COURTS—JURISDICTION OF FEDERAL COURT—INDISPENSABLE PARTIES ONLY TO BE CONSIDERED.

The general rule as to parties in chancery is that all ought to be made parties who are interested in the controversy, in order that there may be

an end of litigation. This rule, however, is subject to the following qualifications: (1) When a person will be directly affected by a decree, he is an indispensable party, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule. (2) Where a person is interested in the controversy, but will not be directly affected by a decree made in his absence, he is not an indispensable party, but he should be made a party if possible, and the court will not proceed to a decree without him, if he can be reached. (3) Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter, which may be conveniently settled in the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant. In a determination of the jurisdiction of the United States Circuit Courts, indispensable parties only should be considered, because all others may be dismissed or disregarded if their presence will oust or restrict the jurisdiction or the right. Where the real controversy is between citizens of different states, or a citizen and an alien, and the complainant is by some rule of law compelled to use the name of another party as defendant, such party will not deprive the federal courts of jurisdiction, although such party be a citizen of a territory or a citizen of the same state as the complainant. The Cobre Company is a proper party, but not an indispensable party, to this suit, because a decree which will do complete justice between the other parties to the controversy may be rendered without injuriously affecting its interests. As the Cobre Company is a citizen of a territory, and its joinder would oust the jurisdiction of the court as to the other parties before it, the suit may proceed without it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 857.]

In Equity. On demurrers to amended bill.

Samuel S. Watson, Walter B. Raymond, and Chester A. Jayne, for plaintiff.

F. W. M. Cutcheon, M. E. Harby, and Augustus L. Hunes, for defendants.

MARTIN, District Judge. The complainant alleges: That she is a stockholder of the Cobre Grande Copper Company and is a citizen of the state of California; that the defendant Cobre Grande Copper Company is a corporation organized under the laws of the territory of Arizona, and has its place of business in Phœnix, in said territory; that the defendant Cananea Copper Company is a corporation organized under the laws of the republic of Mexico; that the Greene Consolidated Copper Company is a corporation organized under the laws of the state of West Virginia; that the defendant Greene is a citizen of the state of New York; that the Cobre Grande Copper Company possessed the right to purchase and became the equitable owner of certain mines in said Mexico; that the said Greene was the legal holder of the mines and the president of said company; that he subsequently transferred said mines to the Cananea Company; that the said Greene Consolidated Copper Company acquired all the stock of the Cananea Company; that the complainant, some nine or ten years ago, paid to one George Mitchell of Arizona a sum of money for investment in the mining property in question in Mexico, and the sum was so invested, and a receipt taken therefor to the effect that she owned a certain fractional interest therein; that it was arranged between the owners of said mining properties that they would form a corporation and convey the property to the corporation and exchange

such receipts for stock; that pursuant to said arrangement the Cobre Grande Copper Company was incorporated April 25, 1899, and thereupon the complainant surrendered said receipt and became entitled to her fractional interest in the capital stock of said company; that about the 2d of August of the same year the complainant received a stock certificate for 67 shares of the capital stock of said corporation in exchange for said receipt, and then became, and ever since has been, a stockholder of record of said corporation; that on the 26th of November of the year previous the defendant Greene contracted to convey to said Mitchell the said mining properties for $12,500 in cash, $37,500 to be paid in one year, $100,000 in two years, and $100,000 in three years; that the said Greene thereupon executed and delivered deeds therefor and deposited them in escrow in the Phœnix National Bank in Phœnix, Ariz.; that on April 15, 1899, said Greene executed another agreement with said Mitchell that, upon the payment by the said Mitchell of the several sums of money above set forth, said Greene would continue to hold the title of the said properties in trust for the said Mitchell and until the said Mitchell or his assigns might demand of the said Greene the said deed, or that the said Greene should execute to said Mitchell, his assigns, or to such person as the said Mitchell might designate; that 10 days later, April 25, 1899, the said Cobre Grande Company was incorporated as above set forth; that on the 26th day of May following the said Mitchell delivered to said corporation an assignment of all his title in and to said properties; that on the 26th of April of the same year the said Greene delivered to the said corporation an agreement ratifying and confirming said agreement of the said Mitchell and transferred to said company other mines in Mexico; that on the 24th of July of the same year the said Greene sold to said corporation the "Elisa Mine," so called, in Mexico, and accepted in payment therefor four promissory notes of said corporation for the sum of $100,000; that on the same day of said conveyance one Costello became director, president, and general manager of said corporation, and one Wood became director, secretary, and treasurer thereof, and one O'Keefe became manager of the mines; that soon thereafter the said Greene, Mitchell, and one Treadwell, then a director of said corporation, claimed that said Costello was not carrying out the arrangements made respecting the advance of funds, the working and developing of the mining properties, and thereupon said directors met in New York for the purpose of making arrangements to provide funds, and entered into negotiations with one Addicks and one Lawson for the purpose of securing funds; that pursuant to an understanding with Lawson, Addicks, Greene, Mitchell, and Treadwell, the election of said Costello and Wood was, by the directors declared to be void because of a defect in the notice of the meeting at which they claimed to have been elected, and thereupon, on the 6th of October, 1899, the said Greene and Treadwell took possession of said properties on behalf of said corporation; that during the same fall of 1899 the said Greene procured to be incorporated under the laws of Mexico the defendant Cananea Consolidated Copper Company, and thereupon the said Greene transferred to said Cananea Company, subject to the rights of said Mitchell and the Cobre Grande

Copper Company, all of said mining properties, and this without any authority from the Cobre Grande Company and without any compensation being paid to said company therefor; that the said Cananea Consolidated Company had full knowledge of the rights of the Cobre Grande Company at the time of receiving said transfer; that the Cananea Consolidated Copper Company entered into possession of said properties and has continued said possession from thence hitherto, has worked and operated the same, has received large incomes, and refused to account to the Cobre Grande Company; that at the time of the formation of the Cananea Company the said defendant Greene gave as a reason therefor that the Cobre Grande Company could not hold title to the property in question under the laws of the republic of Mexico, and it was necessary, in the interest of the Cobre Grande Company, that a corporation be formed under the laws of the republic of Mexico to take and hold the title to said mining properties, and work and operate the same for the benefit of the Cobre Grande Company; that the said Greene then declared that the said transfer was simply for the use and benefit of the said Cobre Grande Company; that on the 15th of September, 1899, the said Greene, Mitchell, and Treadwell organized the Greene Consolidated Copper Company under the laws of West Virginia; that all the capital stock of the Cananea Company, except what might be necessary for qualification of the directors, was turned over to the Greene Company with full knowledge of the rights of the Cobre Grande Company; that the mines were worked thereafter by the Greene Company and the Cananea Company; that the proceeds amounted to over $4,000,000, distributed in dividends by the Greene Company; that the profits of said mines have been diverted and invested in other properties; that on January 12, 1901, the defendant Green Consolidated Company agreed that all the stockholders of the Cobre Grande Company should have the right to exchange their stock for stock in the Greene Company; that this agreement was ratified by the Greene Company and accepted by certain stockholders of the Cobre Grande Company; that when the defendant Greene and the Greene Consolidated Copper Company had obtained a majority of the shares of stock of the Cobre Grande Company, all offers to exchange were withdrawn, and the complainant and other minority stockholders of the Cobre Grande Company were denied the privilege of exchanging stocks and were also denied any portion of the earnings of said mining properties, or any share or part of the dividends paid from the earnings thereof; that on the 16th of October, 1899, the defendant Greene entered into an agreement with said Costello to purchase of him all of his stock in the Cobre Grand Company; that it was then agreed by the said Greene and Lawson that there should be organized under the laws of the state of Delaware the Greene Consolidated Copper Company, with a capital stock of $6,000,000, to which should be transferred all the capital stock of the Cananea Company, and on the 24th of November, 1899, it was further agreed by said Lawson and said Addicks, on the one side, and the defendant Greene, the said Mitchell, Treadwell and one Logan, representing the Greene Consolidated Copper Company and the Cobre Grande Copper Company, that the Greene Consolidated Copper Company of West Virginia should be substituted

for the proposed Delaware corporation; that suits grew out of the ousting of Costello, Wood and O'Keefe, and out of said agreement to transfer the Cananea Company, and out of the action of the Cananea Company in entering into possession of the properties and concerning the disposition of products of the mines, all of which had been brought prior to December 12, 1900, and were undetermined at that time; that the defendant Greene and the Greene Consolidated Copper Company, after having secured a majority of said stock, caused said suit to be dismissed; that the contract under date of November 26, 1898, was fully performed on the part of said Mitchell to the satisfaction of the parties; that the said Greene Consolidated Copper Company is now the owner of about 117,000 shares of the stock of the Cobre Grande Company, which is a majority thereof; that it has refused to allow the orator, and the minority owners of upwards of 80,000 shares of the Cobre Grande Company, to receive any of the benefits which have accrued from the control of the property as aforesaid; that the said Greene and the Greene Consolidated Copper Company has complete control and dominion of said mines, and has received into its treasury and distributed among its stockholders the large amount of profits aforesaid; that the defendant Greene and the Greene Consolidated Copper Company control a majority of the capital stock of the Cobre Grande Company, elect its own directors and officers, dictating their acts; that they scheme to deprive and have deprived the minority stockholders of the Cobre Grande Company of all interest in the income, benefits, and profits arising from the properties aforesaid; that the said majority stockholders of the Cobre Grande Company have taken to themselves all of said profits, to the exclusion of the minority stockholders; that the officers of said Greene Consolidated Copper Company and the officers of the said Cananea Copper Company have conspired to defraud the minority stockholders of the Cobre Grande Company; and that the said Greene Consolidated Copper Company and the Cananea Copper Company are trustees in law, holding said properties for the benefit of all the stockholders, share and share alike, of the Cobre Grande Company.

The orator further alleges: That she is free from any laches; that she has not acquiesced in or ratified any acts charged against the defendants; that she is a bona fide stockholder of record of the defendant Cobre Grande Copper Company; that before the organization of said company she owned a fractional interest in the real estate from which said profits have been derived; that she has made demands upon the officers and directors of the Cobre Grand Copper Company and upon the defendant Greene for her interest in the earnings, income, and profits derived from the working of said property, and generally for the redress of the wrongs of which she complains in this bill of complaint; that all her demands have been refused; that she has been unable to obtain any relief whatsoever, or any accounting with any of the defendants; that she has no remedy through the officers, directors, or stockholders of any of the corporations aforesaid; that the officers of all of said corporations are opposed to the minority stockholders of the Cobre Grande Company and are hostile to their interests; that the defendant Greene, at the time of the transfer of the

properties in suit, to the Cananea Company, was the president of the Cobre Grande Company; that he was the first president of the Greene Consolidated Copper Company and has been the president and managing head of both the Greene Consolidated Copper Company and the Cananea Copper Company since their organization, and up to the time of the filing of the bill of complaint herein; that he is the person who planned and organized the defendant Cananea Consolidated Copper Company and the defendant Greene Consolidated Copper Company, and the prime factor in the management of said corporations whereby the complainant and the other minority stockholders of the Cobre Grande company have been deprived of their rightful share of the earnings of the properties aforesaid; and, further, that the complainant, as a stockholder of the Cobre Grande Company, has never received any notice of any of the meetings of the stockholders of said company.

The complainant further alleges that the agreement under and by virtue of which she and others, who are now minority stockholders in the Cobre Grande Company, made their original investment, while fully performed on her and their part, was never performed on the part of the defendant Greene or the defendant Cananea Copper Company or the defendant Greene Consolidated Copper Company.

These, in effect, are the allegations of the bill of complaint as amended.

The relief prayed for is:

First. That the Cananea Company be declared to be the holder in trust for the Cobre Grande Company of the properties that are the subject of suit, together with all the other properties which it was the intention of Greene to convey to Mitchell and the Cobre Grande Company.

Second. That the Cananea Company be declared to be the holder in trust for the Cobre Grande Company of the "Elisa Mine."

Third. That Greene, the Cananea Company, and the Greene Company be required, if it shall appear that there are profits which have arisen from the operation of said properties, to pay the same to the defendant Cobre Grande Copper Company.

Fourth. That if there are profits received by the Greene Company from said properties (of the Cobre Grande Company), it be required to pay to complainant, and to all other stockholders similarly situated, parts thereof in proportion to their respective stock holdings in the capital stock of the Cobre Grande Company.

Fifth. That the Cananea Company pay to complainant and to all other stockholders similarly situated parts of any benefits received by it from said properties (of the Cobre Grande Company) in proportion to his and their respective stock holdings in the Cobre Grande Company.

Sixth. That if any profits obtained by Greene, the Greene Company, or the Cananea Company from the properties in controversy, have been used for the purchase of other properties, that such properties be declared to be held in trust for the Cobre Grande Company, and that the defendants be required to account therefor.

Seventh. In the alternative that other relief be impracticable, that the value of complainant's interest and the interest of all other stock-

holders similarly situated in the properties of the Cobre Grande Company be determined, and that the complainant and all other stockholders similarly situated be declared to have a lien upon the assets and properties of Greene, the Greene Company, and the Cananea Company for the value of their interests so determined.

All of the defendants have appeared and have demurred to the bill of complaint. With the exception of the Cobre Grande Copper Company, the defendants, after appearing, first filed a plea of res judicata; but, the complainant having been permitted to amend her bill, leave was given the defendants to withdraw their plea, if they should so elect, and to demur. Advantage was taken of this permission. The demurrer of the Cobre Grande Copper Company is upon the ground that it appears upon the face of the bill that the complainant is a citizen and resident of the state of California, and the Cobre Grande Copper Company a corporation and resident of the territory of Arizona, and that therefore no jurisdiction exists over that defendant, and upon the further ground that no cause is stated in the bill entitling the complainant to any discovery or relief. The demurrers of the remaining defendants are upon the same grounds and also upon the ground that, inasmuch as the court is without jurisdiction over the Cobre Grande Copper Company, it is without jurisdiction of an indispensable party without whose presence the suit cannot proceed.

The defendant William C. Greene, the defendants Greene Consolidated Copper Company, and the Cananea Consolidated Copper Company are in court. The Cananea Consolidated Copper Company is organized under the laws of the republic of Mexico, an alien, while the Greene Consolidated Copper Company is organized under the laws of the state of West Virginia. If the Cobre Grande Copper Company, being organized under the laws of a territory, and having its principal place of business therein, is an indispensable party, the complainant can proceed no further in this cause. Hepburn v. Ellzey, 2 Cranch, 445, 2 L. Ed. 332; Hooe v. Jamieson, 166 U. S. 395, 17 Sup. Ct. 596, 41 L. Ed. 1049; McClelian v. McKane (C. C.) 154 Fed. 164. If, however, the Cobre Grande Copper Company is not an indispensable party, though joined as a party defendant in the bill of complaint, it will not oust the court's jurisdiction.

Section 737, Rev. St. (U. S. Comp. St. 1901, p. 587), provides as follows:

"When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process nor voluntarily appearing to answer; and non joinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit."

Where the real controversy is between citizens of different states, or a citizen and an alien, and yet the plaintiff is by some rule of law compelled to use the name of another party who may not be a citizen of a different state to perform merely a ministerial act, the joinder of such ministerial party will not deprive the federal court of jurisdic-

tion. Walden v. Skinner, 101 U. S. 577, 25 L. Ed. 963; McNutt v. Bland, 2 How. 9, 11 L. Ed. 159; Browne v. Strode, 5 Cranch, 303, 3 L. Ed. 108; Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Wormly v. Wormly, 8 Wheat. 421, 5 L. Ed. 651; Russell v. Clark, 7 Cranch, 69, 3 L. Ed. 271; Wood v. Davis, 18 How. 467, 15 L. Ed. 460.

The general rule upon this subject, as laid down by Justice Bradley, in William v. Bankhead, 19 Wall. 571, 22 L. Ed. 184, has been closely followed in the federal courts. I quote it:

"The general rule as to parties in chancery is that all ought to be made parties who are interested in the controversy, in order that there may be an end of litigation. But there are qualifications of this rule arising out of public policy and the necessities of particular cases. The true distinction appears to be as follows:

"First. When a person will be directly affected by a decree, he is an indispensable party, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule.

"Second. Where a person is interested in the controversy, but will not be directly affected by a decree made in his absence, he is not an indispensable party, but he should be made a party if possible, and the court will not proceed to a decree without him, if he can be reached.

"Thirdly. Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter, which may be conveniently settled in the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant."

In my opinion, these demurrers turn squarely upon the question as to whether or not the Cobre Grande Copper Company is an indispensable party. Will that company be directly affected to its detriment by a decree of this court that may afford relief to the complainant? Upon this point it is claimed by the defendants that, if upon accounting funds are found in the defendant's hands, the accounting must be to the Cobre Grande Company. In this I do not concur. The defendants own a majority of that stock. They have had all that belongs to them, and also all that belongs to this complainant and other minority stockholders. When this amount that belongs to the minority stockholders is ascertained by the accounting, equity and good conscience would require the majority stockholders to pay the minority stockholders their pro rata share, not to the corporation for redistribution, but to such party or person, and in such manner, as this court shall deem meet. It is simply affording relief on the part of the court, through equitable channels, to a party injured by the wrongful and dishonest acts of another party. The Cobre Grande Copper Company, as such, whether it voluntarily comes in as a party, or keeps as far away as possible, can neither be benefited nor harmed by any equitable mandate of this court. I hold that the Cobre Grande Copper Company is not an indispensable party.

I think there is another reason why these demurrers should be overruled. It appears from the bill of complaint: That the complainant paid over to Mitchell certain sums of money to be invested in these mining properties, which the said Mitchell held under contract of purchase with defendant Greene; that upon the payment of said money by Mitchell, the complainant became entitled to her fractional interest in said mining properties; that Mitchell, and every one acting under

him, performed, while the defendant Greene performed only far enough to organize the contemplated company and get control of a majority of its stock, and then turn over the property interests, in which the complainant owned her fractional rights, to another corporation, and then to still another corporation with the evident intent of defrauding the complainant, and others in like situation, of their interests in that property. Her rights, title, and interest in that property were surrendered to Greene, or the corporation of his creation, with the presumed understanding that the corporation was to be fairly and honestly organized and conducted by the other contracting party, the defendant Greene. In view of the fraud practiced by the said Greene, she is at liberty to reassert her percentage ownership in said mining property, and the court of equity should afford her relief upon that ground. Rogers v. Penobscot Mining Co., 154 Fed. 606, 83 C. C. A. 380, and cases there cited.

The demurrers of Wm. C. Greene, Greene Consolidated Copper Company and Cananea Consolidated Copper Company are overruled, with leave to answer in 30 days; cost to be taxed by the clerk. The demurrer of Cobre Grande Copper Company is sustained; costs to be taxed by the clerk.