Corporation<br>of New-Or-<br>leans<br>v.<br>Winter.

Judgment affirmed.

—◦✦◦—

(CONSTITUTIONAL LAW.)

## THE CORPORATION OF NEW-ORLEANS *v.* WINTER ET AL.

A citizen of a *territory* cannot sue a citizen of a *state*, in the courts of the United States, nor can those courts take jurisdiction by other parties being joined, who are capable of suing. All the parties on each side must be subject to the jurisdiction, or the suit will be dismissed.

ERROR from the district court for the district of Louisiana. The defendants in error commenced their suit in the said court, to recover the possession and property of certain lands in the city of New-

Orleans; claiming title as the heirs of Elisha Winter, deceased, under an alleged grant from the Spanish government, in 1791; which lands, it was stated, were afterwards reclaimed by the Baron de Carondelet, governor of the province of Louisiana, for the use of fortifications. One of the parties, petitioners in the court below, was described in the record as a citizen of the state of Kentucky; and the other, as a citizen of the Mississippi territory. The petitioners recovered a judgment in the court below, from which a writ of error was brought.

*Winder*, for the plaintiffs in error. The court below had no jurisdiction of the cause. The case of Hepburn & Dundas v. Ellzey,[a] determined that a citizen of the district of Columbia could not sue a citizen of the state of Virginia, in the courts of the United States. The subsequent case of Strawbridge et al. v. Curtis et al. shows that all the parties on the one side, and all the parties on the other, must be authorized to sue and be sued in those courts, or there is a defect of jurisdiction. The right of action was joint, but they might have severed it, which they did not, and they are incompetent to join in point of jurisdiction.

*Key*, contra. A citizen of the Mississippi territory has a right to sue in the courts of the United States. This point was left open in the decision of

a *2 Cranch*, 445.          b *3 Cranch*, 262.

the case of Sere v. Pitot. There is a manifest distinction, in this respect, between the right of a citizen of the district of Columbia, and of the Mississippi territory. The jurisdiction of the district court of Louisiana, is the same with that of Kentucky. The several territories *are* " members of the American confederacy." The constitution puts the citizens of the district of Columbia on the same footing with inhabitants of lands ceded for the use of dock-yards, &c.; they *are not* " members of the American confederacy." The district has no legislative, executive, nor judicative authority, power, or privileges. The territories have them all. They are in a sort of minority and pupilage; have the present right of sending delegates to Congress, and of being hereafter admitted to all the immunities of *states*, in the peculiar sense of the constitution. In this case, each party takes an undivided interest, and has a right to a separate action, whether the inheritance be of moveable or of real property.

*Harper*, in reply. There is no distinction, in this particular, between the district of Columbia and the territories. Congress might give to the district a delegate, with the same privileges as the delegates from the territories. The United States are the common sovereign of all these communities; and may grant or refuse this, or any other privilege, at their pleasure. The action is brought jointly, not each claiming his several part; and the court cannot

1816.

Corporation
of New-Or-
leans
v.
Winter.

*c* 6 *Cranch*, 336.

disconnect the parties. The petitioners complain under the civil law, by the rules of which it is not competent for them to sever. Spanish law, which prevailed in Louisiana before its acquisition by this country, is a modification of the Roman. By the civil law, inheritances of real as well as personal property, are joint. What is the mode of proceeding? Though ambiguous and mixed, it is chiefly the civil law process, like our chancery proceedings. All parties must, therefore, regularly have been before the court.

Feb. 29th.

MARSHALL, Ch. J., delivered the opinion of the court, and, after stating the facts, proceeded as follows:

The proceedings of the court, therefore, is arrested *in limine*, by a question respecting its jurisdiction. In the case of Hepburn & Dundas v. Ellzey, this court determined, on mature consideration, that a citizen of the district of Columbia could not maintain a suit in the circuit court of the United States. That opinion is still retained.

It has been attempted to distinguish a *Territory* from the district of Columbia; but the court is of opinion, that this distinction cannot be maintained. They may differ in many respects, but neither of them is a state, in the sense in which that term is used in the constitution. Every reason assigned for the opinion of the court, that a citizen of Columbia was not capable of suing in the courts of the United States, under the Judiciary Act, is equally applicable to a citizen of a territory. Gabriel Winter, then,

being a citizen of the Mississippi Territory, was incapable of maintaining a suit alone in the circuit court of Louisiana. Is his case mended by being associated with others who are capable of suing in that court? In the case of Strawbridge et al. v. Curtis et al., it was decided, that where a joint interest is prosecuted, the jurisdiction cannot be sustained, unless each individual be entitled to claim that jurisdiction. In this case it has been doubted, whether the parties might elect to sue jointly or severally. However this may be, having elected to sue jointly, the court is incapable of distinguishing their case, so far as respects jurisdiction, from one in which they were compelled to unite. The circuit court of Louisiana, therefore, had no jurisdiction of the cause, and their judgment must, on that account, be reversed, and the petition dismissed.