CHARLES SETON vs. JAMES R. HANHAM.

*Debt.*

The term "State" when used in the Constitution of the United States, is confined to a member of the American Confederacy.

So much of the Act of Congress of 27th March, 1804, as extends the provisions of the Act of 1790, regulating the mode of proving in one State the judicial proceedings, &c in another State,) to the Territories of the United States, so as to prescribe the mode of proof or the effect to be given to a judgment of a Court of a *Territory*, in the Courts of a *State*, is unconstitutional.

The States possess the right of legislating on the subject.

### By LAW, Judge.

A VERDICT for the plaintiff was rendered in this case, upon the evidence afforded by an exemplification of a decree in Chancery from a Court of the Territory of Florida, proved according to the Act of Congress of 1790. A motion is made for a new trial upon the ground, (among others,) that this evidence was improperly admitted, because, it is contended that the Act of Congress of 27th March, 1804, extending the provisions of the Act of 1790, to the Territories of the United States, and Countries subject to the jurisdiction of the United States, is unconstitutional.

After the most careful examination of this subject, which I am capable of giving to it, I have come to the conviction that the term "State," when used in the Constitution of the United States is confined to a member of the American Confederacy ; that it does not embrace a *Territory* of the United States ; and that consequently, Congress had no authority under the Constitution to pass the Act of March 1804, extending the provisions of the Act of 1790 to the Territories of the United States, so as to prescribe the mode of proof, or the effect to be given to a judgment of a Court of a *Territory*, in the Courts of a *State* of the Union. So much

[Seton vs. Hanham.]

of the Act of March 104 is therefore held to be unconstitutional and inoperative upon the Courts of a State. The States possess the right to legislate upon this subject.

The determination of this question, renders unnecessary the consideration of the other grounds, upon which this motion was based.

*It is ordered*, that a *new trial* be granted.

C. S. HENRY, for plaintiff—J. W. JACKSON & JOHN C. NICOLL, contra.

---

See *Hepburn* vs. *Ellzey*, (2 Cranch. 445.)  *Corporation* of New-York vs. *Winter*, (1 Wheat. 91.  1 Kent's Com. 349, 385, 3d edit.)  *Sturges* vs. *Davis*, decided in the Supreme Court of New-York, (not reported,) cited in 1 Paine & Duer's Practice, 11, 12.  2 Bibb. 334.