HENRY SUESENBACH and others *vs.* CHARLES H. WAGNER.

June 24, 1889.

**Judgments of Courts of the Territories.**— Under the constitution and laws of the United States, the judgments and records of the courts of the several territories stand on the same footing as those of the courts of a state, as respects the faith and credit to be given to them.

Plaintiffs brought this action in the district court for Winona county, on a judgment of the district court for Lawrence county in the territory of Dakota, to recover $507.50, (the amount of the judgment,) and interest. In his answer in this cause the defendant put in issue the existence of the alleged judgment and the jurisdiction of the court to render any personal judgment against him, alleging that no summons was ever issued or served upon him. The answer then states that Schedule A, attached to it, is a true copy of the complaint

in the pretended action in Dakota, (from which it appears that such action was brought to recover real estate in Lawrence county, with $500 damages for its detention,) and proceeds to put in issue the averments of such complaint, and to allege title in defendant to the lands therein described. On plaintiffs' motion this Schedule A and that part of the answer denying its averments and alleging title in defendant were stricken out by *Start*, J., as irrelevant, and the defendant appealed.

*Gale & Brown*, for appellant.

*Gould & Snow*, for respondents.

VANDERBURGH, J. The record shows that this action is brought upon a judgment recovered in the district court for the county of Lawrence, in the territory of Dakota, and the principal question here presented is whether the judgments and records of such court, duly authenticated as provided by the act of congress, are to be considered on the same footing with those of the courts of the several states as respects the faith and credit to be given them. The act of congress of May 26, 1790, (1 U. S. St. at Large, p. 122,) passed in pursuance of article 4, § 1, of the constitution, which speaks of the records of the states, and the effect to be given them "in every other state," was in terms, by the amendment of March 27, 1804, (2 U. S. St. at Large, p. 298,) extended to territories; and it is insisted by the counsel for the defendant that, since the territories are not expressly mentioned in the constitution, congress had no right to include them within the provisions of the act of 1804, and that that act is therefore so far unconstitutional. It has, however, remained without change to this day, and we think that the practical construction placed upon the act by the state courts generally agrees with the legislative construction of the constitutional provision, and that in practice no distinction has been recognized in the application of the statutory rule between the judicial records of states and those of the territories, and the territories are clearly within the reason and purpose of the constitutional provision. It is true that it was held at an early day in *Corporation of New Orleans* v. *Winter*, 1 Wheat. 91, that a citizen of a territory was not entitled to sue a citizen of a state in the United States courts, on the ground that the judiciary act did not extend the jurisdic-

tion of the national courts to such cases, and under the rule of *stare decisis* that decision has since been adhered to. But we think a more liberal rule should obtain in construing the clause of the constitution under consideration. *Watson* v. *Brooks,* 8 Sawy. 316, 321, (13 Fed. Rep. 543, 544;) *The Ullock,* 9 Sawy. 634, 642, (19 Fed. Rep. 212.) The territorial courts, lawfully established, whether under an act of congress or by the legislature of the territory itself under the authority vested in it, are legislative courts, created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause in the constitution which enables congress to make all needful rules and regulations respecting the territory belonging to the United States. *American Ins. Co.* v. *Canter,* 1 Pet. 511, 546; *The City of Panama,* 101 U. S. 453, 460. And these courts exercise the same functions within their local jurisdiction, are of the same general character, and sustain the same relation to the people of the embryo state and the United States, of which it is a part, as do the courts of the several states. That a territorial court should have a right to refuse to give full faith and credit to the judgments of a sister state would be a novel proposition, under the relation which the states and territories sustain to each other under one general government, and we doubt if such a suggestion in practice was ever entertained by any court; and it would be equally unreasonable to give so narrow and limited a construction to the constitutional power of congress as to hold that it had transcended its authority by the act of March 27, 1804, above referred to.

Order affirmed.