# HOOE v. JAMIESON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WISCONSIN.

No. 374. Submitted March 1, 1897. — Decided April 5, 1897.

A citizen of the District of Columbia cannot maintain an action against a citizen of Wisconsin, on the ground of diverse citizenship, in a Circuit Court of the United States in that State; even though a competent person be joined with him as co-plaintiff.

THE case is stated in the opinion.

*Mr. A. R. Bushnell* for plaintiffs in error.

*Mr. S. S. Barney* for defendants in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action of ejectment brought in the Circuit Court of the United States for the Western District of Wisconsin, by the complaint in which plaintiffs in error alleged that they resided in and were citizens of the city of Washington, D. C., and that defendants all resided in and were citizens of the State of Wisconsin. Defendants moved to dismiss the action on the ground that the Circuit Court had no jurisdiction as the controversy was not between citizens of different States. The Circuit Court ordered that the action be dismissed unless plaintiffs within five days thereafter should so amend their complaint as to allege the necessary jurisdictional facts. Plaintiffs then moved for leave to amend their complaint by averring that three of them were when the suit was commenced, and continued to be, citizens of the District of Columbia, but that one of them was a citizen of the State of Minnesota, and that each was the owner of an undivided one fourth of the lands and premises described in the complaint, and that they severally claimed damages and demanded judgment. This motion was denied and the action dismissed. Plaintiffs sued out this writ of error under the act of March 3, 1891, c. 517, § 5, and the Circuit Court certified to this court these questions of jurisdiction :

"First. Whether or not said complaint sets forth any cause of action in which there is a controversy between citizens of different States, so as to give said Circuit Court jurisdiction thereof :

"Second. Whether or not said complaint as so proposed to be amended would, if so amended, set forth any cause of action in which there is a controversy between citizens of different States, so as to give said Circuit Court jurisdiction thereof."

The judicial power extends under the Constitution to con-

troversies between citizens of different States, and the Judiciary Act of 1789 provided, as does the act of March 3, 1887, as corrected by the act of August 13, 1888, 25 Stat. 433, c. 866, that the Circuit Courts of the United States should have original cognizance of all suits of a civil nature at common law or in equity in which there should be a controversy between citizens of different States.

We see no reason for arriving at any other conclusion than that announced by Chief Justice Marshall in *Hepburn* v. *Ellzey*, 2 Cranch, 445, February term, 1805, "that the members of the American confederacy only are the States contemplated in the Constitution"; that the District of Columbia is not a State within the meaning of that instrument; and that the courts of the United States have no jurisdiction of cases between citizens of the District of Columbia and citizens of a State.

In *Strawbridge* v. *Curtiss*, 3 Cranch, 267, it was held that if there be two or more joint plaintiffs and two or more joint defendants, each of the plaintiffs must be capable of suing each of the defendants in the courts of the United States in order to support the jurisdiction; and in *Smith* v. *Lyon*, 133 U. S. 315, *Strawbridge* v. *Curtiss* was followed, and it was decided that under the acts of 1887 and 1888 the Circuit Court has not jurisdiction, on the ground of diverse citizenship, if there are two plaintiffs to the action who are citizens of and residents in different States and the defendant is a citizen of and resident in a third State, and the action is brought in the State in which one of the plaintiffs resides.

*New Orleans* v. *Winter*, 1 Wheat. 91, was an action in ejectment brought by two plaintiffs claiming as joint heirs, and it appeared that one of them was a citizen of the State of Kentucky, and that the other was a citizen of the Territory of Mississippi. It was held that jurisdiction could not be maintained, and Chief Justice Marshall, delivering the opinion of the court, said: "Gabriel Winter, then, being a citizen of the Mississippi Territory, was incapable of maintaining a suit alone in the District Court of Louisiana. Is his case mended by being associated with others who are capable of suing in

that court? In the case of *Strawbridge* v. *Curtiss*, it was
decided, that where a joint interest is prosecuted, the juris-
diction cannot be sustained, unless each individual be entitled
to claim that jurisdiction. In this case it has been doubted,
whether the parties might elect to sue jointly or severally.
However this may be, having elected to sue jointly, the
court is incapable of distinguishing their case, so far as re-
spects jurisdiction, from one in which they were compelled to
unite."

In *Peninsular Iron Co.* v. *Stone,* 121 U. S. 631, the interests
of the parties being separate and distinct, but depending on
one contract, plaintiffs elected to sue on the common obliga-
tion, and the case was dismissed under the rule in *New Orleans*
v. *Winter.*

In *Barney* v. *Baltimore,* 6 Wall. 280, 287, which was a bill
for partition, it appeared that some of the defendants were citi-
zens of the District of Columbia and some of them citizens
of Maryland, and, in dismissing the case for want of juris-
diction, the court, through Mr. Justice Miller, said: "In the
case of *Hepburn* v. *Ellzey,* it was decided by this court, speak-
ing through Marshall, C. J., that a citizen of the District of
Columbia was not a citizen of a State within the meaning of
the Judiciary Act, and could not sue in a Federal court. The
same principle was asserted in reference to a citizen of a Terri-
tory, in the case of *New Orleans* v. *Winter,* and it was there
held to defeat the jurisdiction, although the citizen of the
Territory of Mississippi was joined with a person who, in
suing alone, could have maintained the suit. These rulings
have never been disturbed, but the principle asserted has been
acted upon ever since by the courts when the point has arisen."

Many other decisions are to the same effect, and in the late
case of *Merchants' Cotton Press Co.* v. *Insurance Co.,* 151 U. S.
368, 384, the rule in *New Orleans* v. *Winter* was applied and
it was held that "the voluntary joinder of the parties has the
same effect for purposes of jurisdiction as if they had been
compelled to unite."

In the case at bar no application was made for leave to
discontinue as to the three plaintiffs who were citizens of the

District of Columbia, and to amend the complaint and proceed with the cause in favor of that one of the plaintiffs alleged to be a citizen of Minnesota. Jurisdiction of the case as to four plaintiffs could not be maintained on the theory that when the trial terminated it might be retained as to one. The Circuit Court was right and its judgment is

*Affirmed.*

---

HOOE v. WERNER. No. 373. Submitted with No. 374, above, and on the same briefs.

THE CHIEF JUSTICE: The only difference between this case and that just decided is that the proposed amendment was allowed and the action then dismissed for want of jurisdiction. For the reasons above given, this case must take the same course as that.

*Judgment affirmed.*