MIRABILE CORP. v. PURVIS et al.

(Circuit Court, E. D. Pennsylvania. February 21, 1906.)

No. 32.

COURTS—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP.

When the jurisdiction of a federal court depends upon diversity of citizenship alone, and there are more defendants than one, all must be liable to be sued in the particular suit, and the court is without jurisdiction when one defendant is a citizen of the same state with the plaintiff.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 855.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

On Demurrer for Want of Jurisdiction.

William C. Mayne, for complainant.

J. W. Westcott, for defendants.

HOLLAND, District Judge. This is a bill for an injunction, and sets forth that the plaintiff is a corporation and a citizen of the

state of New Jersey. One of the defendants is a citizen of Pennsylvania and inhabitant of this district. The other defendant, James E. Hays, is a citizen and inhabitant of New Jersey. Mr. Hays questions the jurisdiction of this court, because he is a citizen of the same state with the plaintiff.

When the jurisdiction is based upon diverse citizenship alone, the rule is that where there are more plaintiffs or defendants than one, all of the plaintiffs must be competent to sue, and all the defendants must be liable to be sued in the particular suit. Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635; Hooe v. Jamieson, 166 U. S. 395, 17 Sup. Ct. 596, 41 L. Ed. 1049; Excelsior P. P. Co. v. Brown, 74 Fed. 321, 20 C. C. A. 428.

The plaintiff being a citizen of the state with the objecting defendant, the bill must be dismissed; and it is so ordered.