Moser v. Conn. Mut. Life Ins. Co., Hartford.

---

CASE 30.—ACTION BY GEORGE MOSER AGAINST THE CONNECTICUT MUTUAL LIFE INSURANCE CO. OF HARTFORD, CONN., IN WHICH MORGAN D. AND CATHERINE McINERNEY INTERVENE.—June 4, 1909.

## Moser v. Conn. Mut. Life Ins. Co., Hartford.

Appeal from Kenton Circuit Court, Common Law and Equity Division.

W. McD. Shaw, Judge.

Judgment for interveners, plaintiff appeals.—Affirmed.

Insurance — Life Policy — Beneficiaries — Vested Interest — Assignment—Surrender.—Where a life policy, payable to insured's wife, or, if she was dead, to his children, contained a provision that at the end of 10 years, or at the end of each 5-year period thereafter, the company would pay to the insured a cash value on surrender of the policy, such right of surrender was personal to the insured and could not be exercised by an assignee of the policy for value.

HERBERT JACKSON and CHARLES LOGAN CLARK for Appellant.

AUTHORITIES CITED.

1.  The assignment of the insurance policy being the voluntary act of the beneficiary, the case of Townsend's Assignee v. Townsend, 32 Ky. Law Rep. 263; 16 L. R. A. (N. S.), 316. See note 16 L. R. A. (N. S.) p. 316-326; 105 S. W. 937; does not apply.

2.  Money to become due may be assigned Lutter & Voss, &c. v. Grosse, &c., 26 Ky. Law Rep., p. 585; Vol. 5 Sup. Ency. of Law, No. 1027, (page 144).

3.  An interest in a life insurance policy may be assigned. Planter's State Bank v. Willingham's Assignee, 111 Ky. 64-72.

HUMPHREY, DAVIE & HUMPHREY for Appellee.

We submit that it is well settled in this state that where a policy has in it an optional provision for a cash surrender value, this is a personal privilege which must be exercised by the person taking out the policy and is not an assignable right. Townsend v. Townsend, 32 Ky. L. R. 263; Sugden on Powers, 214-224.

A. E. STRICKLETT for Appellee.

CLASSIFICATION OF AUTHORITIES.

1.  The beneficiary, Catherine McInerney, became vested with all interest in the policy and the money to become due under it, immediately upon its issual, and she could not be divested of it without her consent. General statutes, 1888, Appendix pp. 40 and 41, sections 30, 31 and 32; Hopkins v. Hopkins, 92 Kentucky, 324; Robinson v. Duval, 79 Kentucky 83; Townsend's Assignee v. Townsend, 32 Kentucky Law Reporter, 266.

2.  No legal assignment of the policy could be made. Joyce on Insurance, Sections 2328; Unity Mutual Insurance Association v. Dugan, &c., 118 Mass. 219; Townsend's Assignee v. Townsend, supra.

3.  The power to surrender the policy at the intervals provided for in the policy is one personal to the insured and such power could not be delegated, but if exercised at all must be by him in person and in the way the policy prescribed. Sugden on Powers, pp. 179-180, 214-224. Townsend v. Townsend, supra.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On August 10, 1888 the Connecticut Mutual Life Insurance Company issued to Morgan D. McInerney a policy insuring his life in the sum of $2,000 in consid-

eration of an annual premium of $60.94 for 20 years.
The policy was made payable to McInerney's wife,
Catherine McInerney, or, if she was dead, to his child-
ren. The policy also contained this provision: "And
at the end of ten years from the date above written,
or at the end of each period of five years thereafter
this policy having been in force during such entire
periods for the full sum first above named as insured
hereby and not otherwise, this company will pay to
the person or persons thereunto designated in the
aforesaid application a cash value therefor, to be as-
certained by the table of cash values printed hereon
and hereby made a part of this contract, but only
upon surrender and release hereof by such per-
son or persons within thirty days after the end
of such period." In the application for the
policy McInerney designated himself as the per-
son to whom the money was to be paid in case
of maturity or surrender within his lifetime. On
December 2, 1907, McInerney, by writing in con-
sideration as expressed therein of $1,200, assigned
the policy to George Moser. His wife, Catherine Mc-
Inerney, did not join in the assignment. On August
12, 1908, McInerney wrote to the insurance company,
notifying it that he had signed the writing purporting
to be an assignment of the policy, but stating that it
was without consideration, and requesting that the
policy be not surrendered or the surrender value paid
to George Moser. Moser, at the end of the 10-year
period, tendered the policy to the company and de-
manded the cash surrender value, which amounted to
$1,016 plus a dividend. The company refused to cash
the policy for Moser, and thereupon he brought this
action in the Kenton circuit court against it. The
company filed its answer, and on its motion McIner-

ney and wife, who were claiming the policy, were made defendants to the action. They appeared and filed a demurrer to the plaintiff's petition. The court sustained the demurrer and dismissed the action. Moser appeals.

The policy is verbatim the same as that before us in Townsend v. Townsend (Ky.) 105 S. W. 937. 127 Ky. 230. In that case, Townsend, the insured, had designated himself in the application as the person to whom the surrender value was to be paid, and, after he had paid all the premiums on the policy, made a general assignment for the benefit of his creditors, by which he conveyed to his assignee all his property, including choses in action and other demands. The assignee demanded the surrender value of the policy at the expiration of the next 5-year period, and his demand being refused, brought a suit, which was dismissed by the circuit court, and on appeal to this court the judgment was affirmed. There is no distinction between that case and this, except that here there was an assignment of the policy, which on its face purports to have been made in consideration of $1,200, and there, there was an assignment of all the debtor's property, including his choses in action and demands for the payments of his debts. We cannot see that there is any distinction between a specific assignment of the policy and a general assignment which includes it. The opinion in that case is not rested upon any such ground. It rests upon the ground that the power of McInerney to terminate the policy and take its surrender value is a mere power, which he might exercise himself, but which he could not transfer to another; that the beneficiaries in the policy, the wife and children are entitled to its proceeds, unless the power to terminate it is exercised by the person in

whom that power is vested by the policy. In that case the court said: "Admitting that one may transfer his option so as to vest it in his assignee, it must at least be confined to his option concerning that which is his alone. If it has, by a tripartite contract, the option to adopt such a course in his judgment as would end the estate of one of the parties, the latter is entitled to have him exercise his own option. A. might be willing that B. should have the power to terminate the former's estate, whereas he would be altogether unwilling to risk it with C., although selected by B. for the purpose. That the beneficiaries in this policy did not exercise their own will in bringing the contract into existence takes nothing from the applicability of the principle that one vested with a power, to be exercised on behalf of or against another party to the instrument creating it, must exercise it in person, and may not delegate it to another. Sugden on Powers, 214, 224." The rule referred to in Sugden on Powers is thus stated in 22 Am. & Eng. Enc. of Law, 1105: "Where a power is given, whether over real or over personal estate, and whether the execution of the power will confer the legal or only the equitable right upon the appointee, it cannot be delegated to another if it reposes a personal trust or confidence in the donee to exercise his own judgment or discretion." In Adams Express Co. v. Ohio, 166 U. S. 197, 17 Sup Ct. 604, 41 L. Ed. 965, the United States Supreme Court quoted with approval the following: "A power is an individual personal capacity of the donee of the power to do something. That it may result in property becoming vested in him is immaterial. The general nature of the power does not make it property. The power of a person to appoint an estate to himself, is in my judgment, no more his

'property' than the power to write a book or to sing a song. The exercise of any one of those three powers may result in property, but in no sense which the law recognizes are they 'property.' '' See, also, Jones v. Clifton, 101 U. S. 225, 25 L. Ed. 908; Hill v. Cornwall, 95 Ky. 512, 26 S. W. 540, 16 R. 97.

We are referred to decisions in other states reaching a different conclusion, but the question in this state is concluded by the case referred to.

Judgment affirmed.