ANDERSON v. UNITED STATES FIDELITY & GUARANTY CO. et al.

SAME v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(District Court, S. D. Florida. October 9, 1925.)

Nos. 285, 286.

1. Courts ⊚═351½—Jurisdiction over defendant of federal District Court may be questioned by motion to dismiss.

Question of jurisdiction over defendant of federal District Court, a court of limited jurisdiction, may, under equity rule 29, be raised by motion to dismiss, and need not be by answer; the facts appearing on the face of the bill when read with acts of Congress, of which court must take cognizance.

2. Evidence ⊚═34—Federal court takes cognizance of federal statutes.

Federal court must take cognizance of acts of Congress, and therefore must know that, under the power conferred on the United States Shipping Board, defendant Emergency Fleet Corporation, alleged by the bill to have been incorporated under laws of United States, was organized in the District of Columbia, under

the laws governing the District, and is a citizen of the District.

3. Courts ⊚═307(2)—No jurisdiction in federal court on ground of diversity of citizenship, where one party citizen of District of Columbia.

A citizen of the District of Columbia is not a citizen of a state, relative to jurisdiction of federal court depending on diversity of citizenship of parties.

4. Dismissal and nonsuit ⊚═56—Dismissal as to both defendants where no jurisdiction of one necessary for relief prayed.

Court having jurisdiction of one defendant, but not the other, and presence of both being necessary for granting relief prayed, suit will be dismissed as to both.

In Equity. Suits by Herbert L. Anderson against the United States Fidelity & Guaranty Company and another and against the Fidelity & Deposit Company of Maryland. Bills dismissed.

H. L. Anderson, of Jacksonville, Fla., in pro. per.

I. V. McPherson, Sp. Asst. Atty. Gen., and Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla., for defendant United States Shipping Board Emergency Fleet Corporation.

CALL, District Judge. In this cause a bill was filed by a citizen of Florida against the United States Shipping Board Emergency Fleet Corporation and the United States Fidelity & Guaranty Company, the latter company alleged to be a citizen of Maryland. The allegation in the bill as to the first-named defendant is that it was incorporated under the laws of the United States.

Service of subpœna was made upon one J. B. Harper, as agent of the Fleet Corporation. Upon this service the Fleet Corporation entered a special appearance, and moved to quash the service on the ground that Harper was not such agent or officer upon whom service could be had to bind the defendant, accompanied by the affidavit of Harper, showing his duties.

Subsequently an alias subpœna was sued out, and service of same made upon an agent of the Tampa Inter-Ocean Steamship Company, and thereupon the Fleet Corporation again entered its special appearance with a motion to quash the service, on the ground that the Tampa Inter-Ocean Steamship Company was not such an agent as the service upon them would bind the Fleet Corporation.

On September 26, 1923, the Fleet Corporation moved to dismiss the bill, basing the motion on its special appearance, and

further that, upon the face of the bill, this court is without jurisdiction of the defendant.

[1-4] The notice upon which this hearing was had specifies the motion to dismiss. On the hearing, the complainant moved to strike the motion to dismiss under rule 29 of the Equity Rules, which provides that every defense in point of law arising on the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause in equity, which heretofore might have been made by demurrer or plea, shall be made by motion to dismiss or answer, and defenses which could be made by plea in bar or abatement shall be made in the answer. It is the contention that the question of the jurisdiction of the court over the defendant must be made by answer and not by motion. This position might be well taken in a court of general jurisdiction, but it is not in a court of limited jurisdiction, as is this court. The Constitution and acts of Congress, passed pursuant thereto, fix the jurisdiction of this court over the class of litigants who may appeal to the court for decision of causes. Now the bill alleges that the defendant is a corporation organized and existing under the laws of the United States, and under the decision of Texas & Pacific Railway Co. v. Cody, 166 U. S. 606, 17 S. Ct. 703, 41 L. Ed. 1132, would have been sufficient, at the time the bill was filed to have authorized the suit in this court. This court must take cognizance of the statutes passed by Congress, and therefore must know that, under the power conferred upon the United States Shipping Board, the Fleet Corporation was organized in the District of Columbia, under the laws governing the District, and is a citizen of the District, and this fact appears upon the face of the bill when read with the law creating the United States Shipping Board. A citizen of the District of Columbia is not a citizen of a state, and the District Court has no jurisdiction of controversies arising between citizens of a state and citizens of the District, where jurisdiction is dependent upon diversity of citizenship. This was first decided in Hepburn v. Ellzey, 2 Cranch, 445, 2 L. Ed. 332, by Chief Justice Marshall, and has never been departed from. In this case it seems to me that the jurisdiction of this court depends upon diversity of citizenship, and that it is apparent to the court this diversity does not exist, and it becomes the duty of the court to dismiss the suit whenever the want of jurisdiction appears. It is a well-settled principle that, where there are two defendants, the court having jurisdiction of one and not of the other, the suit will be dismissed as to both, if the relief prayed cannot be granted without the presence of both.

Under this principle there is nothing for the court to do except to dismiss the bill. It will be so ordered.

Case No. 286 is in the same condition, and the same order will be entered in that case.