**WINKLER v. DANIELS et al.**
No. 154.

District Court, E. D. Virginia.
Jan. 16, 1942.

Bertram S. Nusbaum, of Norfolk, Va., for plaintiff.

H. M. Woodward, of Norfolk, Va., for defendants.

WAY, District Judge.

This is a civil action by a citizen of the District of Columbia against citizens of Virginia, in which plaintiff seeks to recover a judgment against defendants in an amount in excess of $3,000, exclusive of interest and costs.

Defendants have moved to dismiss upon the ground that United States District Courts have no jurisdiction of any action by a citizen or citizens of the District of Columbia against a citizen or citizens of a State. The grounds of the motion are based upon the contentions that (1) The District of Columbia is not a state within the meaning of the Constitution; and (2) The Act of Congress, approved April 20, 1940, amending 28 U.S.C.A. Subsection 1

of Section 41, is unconstitutional. The pertinent parts of said Act of Congress, as amended, read as follows:

"The district courts shall have original jurisdiction as follows:

"Of all suits of a civil nature, at common law or in equity * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000."

and

"is between citizens of different States, *or citizens of the District of Columbia, the Territory of Hawaii, or Alaska, and any State or Territory."*

The words italicized above were added by the amendment of April 20, 1940.

It has been held in an unbroken line of decisions, beginning in 1805 with Hepburn v. Ellzey, 2 Cranch 445, 2 L.Ed. 332, that a citizen of the District of Columbia (or of a territory) is not a citizen of a state within the meaning of the Constitution, § 2, Art. 3.[1]

However, it appears from H.R. No. 1756, third session of the 76th Congress, that the proponents of the amendment of April 20, 1940, rely upon a subsection of Section 8, of Article 1 of the Constitution to sustain the Act in question in so far as the Act relates to the District of Columbia. The provisions of *Section 8, of Article 1 of the Constitution,* pertinent here, are:

"Section 8. The Congress shall have Power * * *

"To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, * * *;—And

"To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers" [enumerated in Section 8 of Article 1], "and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof."

With respect to the validity of the proposed Act and the desirability of such legislation, the report (H.R. 1756) says:

"The Federal district and circuit courts are created by Congress under the constitutional authority granted in article III. These courts receive and exercise the judicial power granted by the Constitution. This judicial power cannot be increased or limited simply by an act of Congress.

"This article, however, must be construed in connection with other provisions of the Constitution. For example, in article 1, section 8, it is provided:

" 'The Congress shall have Power * * * To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States.'

"That the Congress under this provision has complete authority to govern the District of Columbia and the affairs of its citizens is well settled. This right is, of course, subject to constitutional restraints so far as applicable. * * *."

"The purpose of article III was to create an independent judiciary with powers conferred directly by the Constitution. These powers cannot be taken away from Congress. The Constitution guarantees to certain persons the right to demand the exercise of these powers under certain circumstances. For example, a citizen of a State may do so when involved in a case or controversy with a citizen of another State. The mere fact that the Constitution guarantees this right to the citizens of a State in no way prohibits the Congress from extending that same privilege to others who are not technically citizens of a State. This does not mean that Congress may indiscriminately add to the jurisdiction or authority of the courts. Its powers to so add must in any case be found in the Constitution."

---

[1] Hepburn v. Ellzey, 2 Cranch 445, 2 L.Ed. 332; Corporation of New Orleans v. Winter, 1 Wheat 91, 4 L.Ed. 44; Barney v. Baltimore, 6 Wall. 280, 281, 18 L.Ed. 825; Cameron v. Hodges, 8 S.Ct. 1154, 127 U.S. 322, 32 L.Ed. 132; Hooe v. Jamieson, 17 S.Ct. 596, 166 U.S. 395, 41 L.Ed. 1049; Cissel v. McDonald, Fed. Cas. No. 2729; Seddon v. Virginia T. & C. S. & I. Co., C.C.Va., 36 F. 6, 1 L.R.

A. 108; Pannill v. Roanoke Times Co., D.C.Va., 252 F. 910; Mutual Life Ins. Co. v. Lott, D.C.Cal., 275 F. 365; Merrill v. Atwood, D.C.R.I., 297 F. 630; Anderson v. United States Fidelity & Guaranty Co., D.C.Fla., 8 F.2d 428; Duehay v. Acacia Mut. Life Ins. Co., 70 App.D.C. 245, 105 F.2d 768, 124 A.L.R. 1268.

No decision directly in point has been cited or found. It will be observed that the language of the above quoted provisions of Section 8, Article 1, is very broad and sweeping. By those provisions Congress is given the unqualified power "To exercise exclusive Legislation in all Cases whatsoever", and "To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers". It is true that the provision last quoted from Section 8 relates to all of the powers enumerated and granted to Congress in that section, but it is not perceived that that in any degree weakens the grant of power relating specifically to the seat of the Government of the United States. The powers granted to Congress to legislate with respect to the seat of Government are broad and inclusive enough to embrace the combined powers of any State legislature and those of Congress to legislate with respect to the property and inhabitants of such state. In Stoutenburgh v. Hennick, 129 U.S. 141, 147, 9 S.Ct. 256, 257, 32 L.Ed. 637, it is said:

"Congress has express power 'to exercise exclusive legislation in all cases whatsoever' over the District of Columbia, thus possessing the combined powers of a general and of a state government in all cases where legislation is possible."

Also, see O'Donoghue v. United States, 289 U.S. 516, at pages 539, 540, 53 S.Ct. 740, 746, 77 L.Ed. 1356, quoting from the opinion in Grether v. Wright, 6 Cir., 75 F. 742, as follows:

"'The object of the grant of exclusive legislation over the district was, therefore, national in the highest sense, and the city organized under the grant became the city, not of a state, not of a district, but of a nation. In the same article which granted the power of exclusive legislation over its seat of government are conferred all the other great powers which make the nation.'"

In the recent decision of the Supreme Court, District of Columbia v. Murphy, Dec. 15, 1941, 62 S.Ct. 303, 308, 86 L.Ed. ——, opinion by Mr. Justice Jackson, it is said:

"The District of Columbia is an exceptional community. It is not a local municipal authority, but was established under the Constitution as the seat of the National Government. Those in Government service here are not engaged in local enterprise, although their service may be localized. Their work is that of the nation, and their pay comes not from local sources but from the whole country. Because of its character as a federal city, there is no local political constituency with whose activities those living in it may identify themselves as a symbol of their acceptance of a local domicile."

What was said in Neild v. District of Columbia, 71 App.D.C. 306, 110 F.2d 246, at page 249, seems especially pertinent here:

"Power to legislate for the District of Columbia is expressly delegated by the Constitution. Article I, Section 8, Clause 17, gives to Congress power 'To exercise *exclusive Legislation in all Cases whatsoever*, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, * * *.' (Italics supplied.) That delegation is sweeping and inclusive in character, to the end that Congress may legislate within the District for every proper purpose of government. Within the District of Columbia, there is no division of legislative powers such as exists between the federal and state governments. Instead there is a consolidation thereof, which includes within its breadth all proper powers of legislation. Subject only to those prohibitions of the Constitution which act directly or by implication upon the federal government, Congress possesses full and unlimited jurisdiction to provide for the general welfare of citizens within the District of Columbia by any and every act of legislation which it may deem conducive to that end. In fact, when it legislates for the District, Congress acts as a legislature of national character, exercising complete legislative control as contrasted with the limited power of a state legislature, on the one hand, and as contrasted with the limited sovereignty which Congress exercises within the boundaries of the states, on the other."

The contention of defendants would seem to involve the theory that the words "shall extend to all Cases, in Law and Equity", etc., in Section 2 of Article 3, are words of exclusion, excluding by implication all classes of cases not enumerated in that section, from the jurisdiction of the courts of the United States, regardless of other provisions in the Constitution

granting to Congress exclusive jurisdiction over the seat of Government, the territories and other subject matters. However, unless the words "shall extend to" are to be given a highly strained construction contrary to what they naturally and logically imply, such a theory can not be sustained: It is not supported by any other provisions found in Article 3 of the Constitution.

Bearing in mind that it is the duty of the Court to resolve reasonable doubts in favor of the validity of the Act, and in view of the practically unlimited powers granted to Congress over the District which necessarily include jurisdiction over its citizens, it is not at all apparent that Congress exceeded its powers under the Constitution, in extending to citizens of the District the right, upon the same terms and conditions, to sue and be sued in the courts of the United States in the different states that the citizens of the states enjoy.

The conclusion of the Court is that the Act of April 20, 1940, in so far as it relates to the District of Columbia, is constitutional. The motion to dismiss will therefore be overruled.