## McGARRY v. CITY OF BETHLEHEM.
### Civil Action No. 2339.

District Court, E. D. Pennsylvania.
May 15, 1942.

H. P. McFadden, of Bethlehem, Pa., for plaintiff.

Daniel L. McCarthy, of Bethlehem, Pa., for defendant.

MOORE, District Judge.

This case is before the court upon defendant's motion to dismiss on the ground that the Court is without jurisdiction.

The jurisdictional averments of the complaint are, in addition to allegation of the amount in controversy:

(1) That the plaintiff is an individual residing and domiciled in the District of Columbia and is a citizen of the United States of America.

(2) That the defendant is a municipal corporation, being a third class city of the Commonwealth of Pennsylvania, situate in Northampton and Lehigh Counties within the territorial jurisdiction of this court.

It is contended by the defendant that the status of both the plaintiff and the defendant is such as to defeat the jurisdiction.

I am of opinion that the defendant, as a third class city of the Commonwealth of Pennsylvania, situate in this district, is amenable to suit in this court, provided the plaintiff's status is such as to establish diversity of citizenship between the plaintiff and the defendant under Article III, Section 2 of the Federal Constitution and the laws of Congress passed in pursuance thereof. It is true that the statute of Pennsylvania relating to cities of

the third class which lie in more than one county provides that such cities "shall * * * be deemed and considered as under and within the jurisdiction of the courts of that county in which is situate the borough first incorporated of those forming such consolidated borough." P.L.1931, 1932, § 211, 53 P.S.Pa. § 12198—211. Defendant argues from this fact that the City of Bethlehem, being such a city as is referred to in the above mentioned statute, is suable only in the state courts of Northampton County. I do not so conclude. The various states of the Union fix by statute the jurisdiction of their own courts and the venue of suits brought in those courts. Whenever an action is commenced in the state courts, the proceedings therein must conform to the requirements of the state statutes. It is otherwise in respect of a proceeding commenced in or removed to a district court of the United States. There, if the matter in controversy exceeds three thousand dollars in value and the suit is brought to the Federal Court on the ground of diverse citizenship, the only questions to be answered, if there be only one plaintiff and one defendant, are: (1) Are the plaintiff and the defendant citizens of different states? And (2) is the defendant a resident of the district in which the action is commenced?

There is no dispute as to the answer to the second question. Nor is there any doubt that the defendant is a citizen of Pennsylvania, and that it is suable as such in the Eastern Federal District Court thereof. Port of Seattle v. Oregon & W. R. Co., 255 U.S. 56, 41 S.Ct. 237, 65 L.Ed. 500; Cowles v. Mercer County, 74 U.S. 118, 7 Wall. 118, 19 L.Ed. 86; Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L. Ed. 766.

■ Objection is made that the allegation that the plaintiff resides and is domiciled in the District of Columbia does not sufficiently aver citizenship therein. I am of opinion that this is a sufficient averment of citizenship.

The remaining question to be decided is whether the plaintiff as "an individual residing and domiciled in the District of Columbia" may lawfully maintain this action against the defendant in this court. The answer to this question requires a construction of the amendment of April 20, 1940, to the Judicial Code, Section 24 (1). The pertinent part of the section as amended is as follows: "The district

courts shall have original jurisdiction as follows: (1) First. Of all suits of a civil nature, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 and * * * (b) is between citizens of different States, or citizens of the District of Columbia, the Territory of Hawaii, or Alaska, and any State or Territory * * *." 28 U.S.C.A. § 41(1). Prior to the amendment, the statute did not contain the words "or citizens of the District of Columbia, the Territory of Hawaii, or Alaska, and any State or Territory." By a long series of decisions beginning with Hepburn and Dundas v. Ellzey, 1805, 2 Cranch. 445, 452, 2 L.Ed. 332, in which case Chief Justice Marshall delivered the opinion, the Supreme Court has uninterruptedly held that the foregoing provision of the Judicial Code, as it existed from the time the original statute was passed in 1789 up to the amendment of 1940, did not authorize a citizen of the District of Columbia to sue in a Federal court on the ground of diverse citizenship. "To support the jurisdiction," said the Chief Justice, "it must appear that Columbia is a state." And after examining the Federal Constitution to determine the meaning of the words used in this connection, he added: "The result of that examination is a conviction that the members of the American confederacy only are the states contemplated in the constitution."

■ The clause which was added to the statute by the 1940 amendment is somewhat ambiguous. Congress could hardly have intended to extend the jurisdiction of the Federal courts so as to permit citizens of the District of Columbia, the Territory of Hawaii, or Alaska, to sue a state or a territory in the Federal courts. Should the amendment be given that meaning, it would be clearly violative of the Eleventh Amendment to the Federal Constitution, which provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The only other possible construction of the amendment is that contended for by the plaintiff, namely, that Congress intended to give to citizens of the District of Columbia and of the territories of Hawaii and Alaska the same right, and subject them to

the same liability, which had theretofore been enjoyed by and imposed upon the citizens of the several states of the Union in respect of suits in the United States Courts. This is the obvious purpose and meaning of the amendment.

Did Congress have the power so to provide?

Every inferior Federal court derives its jurisdiction wholly from the authority of Congress. The provisions of the Constitution establish a circumambient sphere within which Congress may act in giving to, or withholding from Federal courts jurisdiction of causes of action. Congress may freely extend its power to the extreme limits of that sphere; but it may not pierce those limits and enlarge the Federal jurisdiction so as to extend it to cases not included within the grant of power afforded by the Constitution.

The words of the Constitution and of the pertinent section of the Judicial Code, as it existed when construed by Chief Justice Marshall in the case of Hepburn and Dundas v. Ellzey, supra, are identical. Since Congress, in enacting the original law, intended that the words "citizens of different states" should exclude citizens of the District of Columbia, can we now say that the framers of the Constitution attached a different meaning to the same words when used in that instrument?

I have not found, nor has my attention been directed to, any decision of a Federal court construing the amendment to the Judicial Code of April 20, 1940. I am reluctant to hold that part of the amendment in question here to be unconstitutional; but I deem myself bound by that construction of the language used in the Constitution and in the original Act which was adopted by Chief Justice Marshall, and the long line of distinguished jurists who have since expressed their opinion as to its meaning. I therefore hold that despite the amendment of April 20, 1940, the Constitution as heretofore interpreted by the courts controls this case; that the plaintiff as a citizen of the District of Columbia is not a citizen of a state within the meaning of the Constitutional provision for suits between citizens of different states; and that, therefore, this court is without jurisdiction to entertain the plaintiff's action.

An order may therefore be entered sustaining the defendant's motion to dismiss the action for want of jurisdiction.