**GLAESER v. ACACIA MUT. LIFE ASS'N.**

No. 23215–G.

District Court, N. D. California, S. D.

June 6, 1944.

Harry G. Henderson, of San Francisco, Cal., for plaintiff.

Keesling & Keil, of San Francisco, Cal., for defendant.

GOODMAN, District Judge.

The defendant, a resident of the District of Columbia, moved to dismiss the complaint of plaintiff, a resident of California. Jurisdiction is asserted on the basis of diversity of citizenship pursuant to 28 U.S.C.A. § 41(1). Section 41(1) was amended April 20, 1940, whereby jurisdiction of the district courts was extended to actions between citizens of the District of Columbia, Territory of Hawaii or Alaska and any state or territory. The motion to dismiss rests on the ground that the foregoing amendment is unconstitutional in that it contravenes Article III, Section 2 of the Constitution.

In support of the motion, defendant relies on McGarry v. City of Bethlehem, D. C. E. D. Pa., 45 F.Supp. 385. The reasoning in that case is not persuasive. To the contrary, both sound reason and the views expressed by the District Court in Winkler v. Daniels, D.C. E.D. Va., 43 F.Supp. 265, are convincing that jurisdiction obtains and that the amendment to 28 U.S.C.A. § 41(1) has no constitutional inhibitions.

It is true that a citizen of the District of Columbia is not a citizen of a state within the meaning of Article III, Section 2, of the Constitution. However, no good cause exists why Congress in the exercise of its power to legislate as to all matters concerning the status and welfare of citizens of the District of Columbia (Constitution Article I, Section 8) cannot extend to such citizens the privilege or right to have adjudicated in federal courts their controversies with citizens of any state or territory. So indicated Chief Justice Marshall in Hepburn v. Ellzey, 2 Cranch 445, at 453, 2 L.Ed. 332, where the Chief Justice stated:

"It is true that as citizens of the United States, and of that particular district which is subject to the jurisdiction of congress, it is extraordinary that the courts of the United States, which are open to aliens, and to the citizens of every state in the union, should be closed upon them.—*But this is a subject for legislative not for judicial consideration.*" (Emphasis supplied.)

Hepburn v. Ellzey, supra, and the many like holdings thereafter up to the time of the amendment of 1940, were predicated solely upon lack of legislative authority rather than upon constitutional restrictions.

It is clear to me that the amendment of 1940 is constitutional and that the court has jurisdiction in this case.

The motion to dismiss is denied.