## BEHLERT et al. v. JAMES FOUNDATION OF NEW YORK, Inc., et al.

District Court, S. D. New York.

May 19, 1945.

A. S. Cutler, of New York City, for plaintiff.

Whitman, Ransom, Coulson & Goetz, of New York City (William L. Ransom and Forbes D. Shaw, both of New York City, and Horace E. Whiteside, of Ithaca, N. Y., of counsel), for defendants James Foundation of New York, Inc., William W. Carman and United States Trust Co. as executors of estate of Arthur Curtiss James.

CONGER, District Judge..

Motion to dismiss the complaint because of lack of jurisdiction.

This is a stockholders' derivative action.

In the complaint it is alleged that the matter in controversy exceeds $3,000. In the complaint there are allegations of fact which purport to show diversity of citizenship between plaintiffs and the defendants. The complaint alleges that the plaintiffs are citizens and residents of the District of Columbia and that the defendants respectively are citizens and residents of the States of New York, Delaware and New Jersey.

Defendants, James Foundation of New York, Inc., and William W. Carman and United States Trust Company as executors of the estate of Arthur Curtiss James move to dismiss the complaint under Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that this Court lacks jurisdiction over the subject matter of this action for the reason that the action does not involve a case or controversy between citizens of different states within the meaning of Article III, Section 2, of the Constitution of the United States.

The basis of defendants' contention is that plaintiffs, being citizens of the District of Columbia, are not citizens of a state for diversity of citizen purposes and that where (as here) jurisdiction depends on diversity of citizenship of the parties it is not present when the plaintiffs are citizens of the District of Columbia and the defendants are citizens of various states.

The pertinent part of the Constitution is as follows:

"Article III, Section 1. The judicial Power of the United States, shall be vested in one supreme Court and in such inferior Courts as the Congress may from time to time ordain and establish * * *.

"Section 2. The judicial Power shall extend * * * to Controversies * * * between citizens of different states."

■ Down through the years it has been recognized and held that citizens of the District of Columbia are not citizens of a state and that the Courts of the United States had no jurisdiction of cases between citizens of the District of Columbia and citizens of a state. Hepburn v. Ellzey, 2 Cranch 445, 2 L.Ed. 332; Hooe v. Jamieson, 166 U.S. 395, 17 S.Ct. 596, 41 L.Ed. 1049.

This point ·is well settled and plaintiffs do not dispute it. They rely upon an Act of Congress passed in 1940, 28 U.S.C. A. 41.

By that Act the Congress amended Section 24, Subd. 1, of the Judicial Code in an apparent attempt to give the District Courts jurisdiction where the matter in controversy is between citizens of different states or citizens of the District of Columbia. Section 24 of the Judicial Code now reads in part as follows:

"The district courts shall have original jurisdiction as follows: (1) Of all suits of a civil nature, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and * * * (b) is between citizens of different States, or citizens of the District of Columbia, the Territory of Hawaii, or Alaska, and any State or Territory * * *."

■ It was the evident intention of the Congress by this amendment to correct a situation which Chief Justice Marshall in 1805 in Hepburn v. Ellzey, supra, characterized as "extraordinary."

Defendants urge that this amendment is unconstitutional in that it extends the powers of the Federal Courts beyond that given by the Constitution. That is the ·sole issue before me.

■■ I think that defendants are right in their contention, that, while this Court was created by and its jurisdiction given by Acts of Congress, yet, being a Constitutional Court, such Acts of Congress may not go beyond the jurisdictional boundaries created by Article III of the Constitution.

Chief Justice Marshall in Hodgson v. Bowerbank, 5 Cranch 303, 304, 3 L.Ed. 108, passed on this proposition. In that case there was objection to jurisdiction on this question of diversity of citizenship.

The attorney for plaintiffs contended that jurisdiction was given the Court by the Judiciary Act. In answering this contention, Chief Justice Marshall said: "Turn to the article of the constitution of the United States, for the statute cannot extend the jurisdiction beyond the limits of the Constitution."

In Sheldon et al. v. Sill, 8 How. 441, 449, 12 L.Ed. 1147, the Court in holding that the Congress having the power to establish the Courts must define their respective jurisdictions and that the Congress having a right to prescribe may withhold from any Court of its creation jurisdiction of any of the enumerated controversies and further:

"The Constitution has defined the limits of the judicial power of the United States, but has not prescribed how much of it shall be exercised by the Circuit Court; consequently, the statute which does prescribe the limits of their jurisdiction, cannot be in conflict with the Constitution, unless it confers powers not enumerated therein."

See also Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 82, 67 L.Ed. 226, 24 A.L.R. 1077, where the Court held that the inferior Federal Courts derive their jurisdiction over designated cases from the Congress, and that the Congress might "give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution."

This Court is a constitutional court as distinguished from a legislative court. It was established under the specific power given in Section 2 of Article III of the Constitution. It shares in the exercise of the judicial power defined in that section of the Constitution and can be invested with no other jurisdiction. Ex parte Bakelite Corporation, 279 U.S. 438, 49 S.Ct. 411, 73 L.Ed. 789.

I have come to the conclusion that the rule has been well established by the Supreme Court of the United States that the Congress may not enlarge the jurisdiction of this Court beyond that fixed by Article III, Section 2 of the Constitution, and that by the amendment of 1940 of Section 24(1) in so far as it extends the jurisdiction of this court to include controversies between "citizens of the District of Columbia * * * or any State or Territory" it does go beyond the jurisdiction boundaries fixed by the aforesaid section of the Constitution and is, therefore, unconstitutional.

I am not unmindful of the recent cases in District Courts which have held this 1940 amendment to be constitutional. Winkler v. Daniels, et al., D.C., 43 F.Supp. 265;

Glaeser v. Acacia Mutual Life Association, D.C., 55 F.Supp. 925.

The decisions in both of these cases reflect the opinions of the proposers of the 1940 amendment (see House Report 1756). This Act of Congress was passed on the theory that there was authority for so doing under Article I, Section 8, Clause 17 of the Constitution. This provision of the Constitution gives the Congress the right and authority to legislate for all purposes for the District of Columbia, to establish Courts therein and to prescribe their jurisdiction. It is not pertinent here to discuss the extent of the power given Congress by this portion of the Constitution in so far as it relates to the Courts of the District of Columbia. This question has been dealt with by Mr. Justice Sutherland in O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356. Justice Sutherland makes a distinction between Courts (and their various jurisdictions) created by Congress for the District, under Article I, Section 8, Clause 17 and the inferior Federal Courts established under Article III of the Constitution.

I am convinced that while Congress, under Article I, Section 8, Clause 17 of the Constitution, may provide jurisdiction to the Courts of the District of Columbia beyond that prescribed by Article III, Section 2 of the Constitution, it may not do so with this Court or any Federal Court established under Article III, Section 2 of the Constitution. O'Donoghue v. United States, supra; Postum Cereal Co. v. California Fig Nut Co., 272 U.S. 693, 47 S.Ct. 284, 71 L.Ed. 478; McGarry v. City of Bethlehem, D.C., 45 F.Supp. 385.

By reason of the above I sustain defendants' motion to dismiss for want of jurisdiction.

Submit order on notice.