## OSTROW v. SAMUEL BRILLIANT CO.

### Civ. A. No. 4211.

District Court, D. Massachusetts.

June 11, 1946.

Nathan Sallop, of Boston, Mass., and Maxwell A. Ostrow, of Washington, D. C., for plaintiff.

Quincy I. Abrams, of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action for damages brought by the plaintiff, a resident of the District of Columbia, against the defendant, a Massachusetts corporation. No basis of jurisdiction, other than diversity of citizenship, has been alleged in the complaint. The Court raises the jurisdictional question of its own motion. Brady v. Bernard & Kittinger, 6 Cir., 170 F. 576, 579; Prescott v. Richards, D.C., 58 F.Supp. 10.

It has been consistently held that a citizen of the District of Columbia is not a citizen of a State within the meaning of the constitutional provisions relating to diversity jurisdiction. Const. Art. III, § 2; Hepburn v. Ellzey, 2 Cranch 445, 2 L.Ed. 332; Hooe v. Jamieson, 166 U.S. 395, 17 S.Ct. 596, 41 L.Ed. 1049.

However, a 1940 amendment to 28 U.S.C.A. § 41(1) (b) confers jurisdiction on the district courts in civil suits "(b) * * * between citizens of different States, or citizens of the District of Columbia, the Territory of Hawaii, or Alaska, and any State or Territory." This amendment has been considered several times by other district courts. In McGarry v. City of Bethlehem, D.C., 45 F.Supp. 385, and

**594**

Behlert v. James Foundation of New York, D.C., 60 F.Supp. 706, the amendment was held unconstitutional. In Winkler v. Daniels, D.C., 43 F.Supp. 265, and Glaeser v. Acacia Mut. Life Ass'n, D.C., 55 F.Supp. 925, the validity of the amendment was sustained.

I believe that the McGarry and Behlert cases have reached the correct result. It is clear that a citizen of the District of Columbia is not a citizen of a State within the meaning of Article III, Section 2 of the Constitution. The constitutional basis for the amendment, if any, must be found in Article 1, Section 8, Clause 17. This provision confers upon Congress the power to establish courts within the District of Columbia and to define the extent of the jurisdiction of such courts. However, this clause cannot operate to bring within Congressional power an enlargement of the jurisdiction of the District Courts of the United States, outside of the District of Columbia, beyond that conferred by Article III, Section 2. This Court, as a constitutional Court, is subject to the limitations imposed therein. See: 55 Y.L.J. 600 (1946).

The complaint is ordered dismissed upon the Court's own motion for lack of jurisdiction.