### DUZE v. WOOLLEY et al.

Civ. No. 768.

District Court, Hawaii.

July 15, 1947.

Hyman M. Greenstein, of Honolulu, Hawaii, for plaintiff.

Jerome O. Hughes, of Honolulu, T. H., for defendant M. P. Woolley.

McLAUGHLIN, District Judge.

Judgment was entered in this case April 17, 1947, and by appropriate motion made July 3, the defendant seeks to set it aside upon the ground that the Act of April 20, 1940, 54 Stat. 143, amending 28 U.S.C.A. § 41(1) so as to give this Court diversity of citizenship jurisdiction, is unconstitutional.

This suit was brought by a citizen of the State of California against a resident of the Territory of Hawaii and the requisite jurisdictional amount was alleged and established. The suit was predicated upon a joint venture and in general an accounting was sought. While pending, the parties settled their differences. Thereafter, to make a very complicated story short, the defendant accused the plaintiff of not making a full disclosure at the time the written settlement was reached by them with the aid of their local attorneys. The parties then came before the Court, and by peculiar stipulations presented as the only issue to be tried the question of whether under the settlement the defendant should be allowed a credit of $10,000. The Court, not too well satisfied that the issue submitted for decision was the issue presented by the pleadings, heard the evidence and finding it impossible to ascertain whom to believe held that it left the parties where it found them, for each with an equal opportunity to know all of the facts had in good faith settled their differences.

The judgment may be worthless, but not because the 1940 amendment to 28 U.S.C.A. § 41(1) is unconstitutional.

It has taken seven years for this question to reach this Court, and while it is true it is now squarely presented and has been well argued, it is in a way regrettable that it was not raised earlier and that it does arise in a case as disjointed as is this one.

The Court is familiar with McGarry v. City of Bethlehem, D. C., 45 F.Supp. 385; Federal Deposit Ins. Corp. v. George-Howard, D. C., 55 F.Supp. 921; Behlert v. James Foundation of New York, D.C., 60 F. Supp. 706; Ostrow v. Samuel Brilliant Co., D.C., 66 F.Supp. 593; and Wilson v. Guggenheim, D.C., 70 F.Supp. 417, all holding—and in some instances reluctantly holding—the 1940 amendment unconstitutional.

It seems to me that the ruling upon this issue might properly be different depending upon whether it is raised in a constitutional federal court or—as here—in a legislative federal court. Perhaps as to constitutional federal courts the arguments set forth in the above cited cases and centered upon Article III, Sections 1 and 2 of the Constitution are sound. But it does not necessarily follow that courts such as this legislative in nature, deriving their power and authority not from that Article of the Constitution but from Article IV, Section 3, Clause 2, must hold the statute invalid. The situation is basically and entirely different, for Congress has full power to legislate for an incorporated territory. To remove an injustice to United States citizens resident in Hawaii who are not yet also citizens of a state, and to others similarly situated in Alaska and the District of Columbia, Congress has enlarged the grant of authority which heretofore it had given this Court—a Court of purely federal jurisdiction although legislative in nature. 48 U.S.C.A. § 641. The action of Congress in this regard is not inconsistent with Article IV, Section 3, Clause 2, nor unjust—as this case illustrates—to citizens of states.

For this reason and in reliance also upon Winkler v. Daniels, D.C., 43 F.Supp. 265, and Glaeser v. Acacia Mutual Life Ass'n, D. C., 55 F.Supp. 925, and the reasoning and authorities cited in "The 1940 Amendment to the Diversity of Citizenship Clause" by Dykes and Keeffe, Vol. XXI, Tulane Law Review 171, December 1946, it is held that the statute under consideration as applied to this Court is constitutional.

The motion is denied.