MUTUAL BEN. HEALTH & ACC. ASS'N et al. v. DAILEY et al.

Civ. No. 5795.

District Court, D. Massachusetts.

Feb. 19, 1948.

James M. Graham, of Boston, Mass., for plaintiff.

William V. Gormley, of Boston, Mass., for defendant Merle Dailey.

Leo J. Dunn, of Boston, Mass., for defendant John E. Upham.

SWEENEY, District Judge.

The plaintiffs have filed this Bill of Interpleader, alleging that there are two claimants to the benefits of two insurance policies issued on the life of one Dale Dailey. In her application for the insurance Miss Dailey named John E. Upham as the sole beneficiary of the insurance, designating him as her fiance. He is a citizen of the District of Columbia. The other claimant to the insurance is the father of the deceased, who claims both as the Administrator of her estate and as her father. While the Bill avers that it is brought under Interpleader Act of 1936, 28 U.S.C.A. § 41 (26), and the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it nevertheless does not name claimants to the fund between whom there is diversity of citizenship as required by the Act.

That a citizen of the District of Columbia is not a citizen of a state is too well settled to warrant further discussion. The Interpleader Act particularly provides that the adverse claimants must be citizens of different states. This Bill, which does not name citizens of different states, must therefore fail. Agricultural Ins. Co. v. The Lido of Worcester, Inc., D. C., 63 F.Supp. 799, and Mutual Life Ins. Co. of New York v. Lott, D. C., 275 F. 365.

It may be claimed that the 1940 amendment to the Judicial Code, 28 U.S. C.A. § 41(1) (b) gave to citizens of the District of Columbia the right to sue or be sued in the Federal Courts where diversity was the basis of jurisdiction. The amendment has been held invalid in this and other districts. McGarry v. City of Bethlehem, D.C., 45 F.Supp. 385; Behlert v. James Foundation of New York, Inc., D.C., 60 F.Supp. 706; Ostrow v. Samuel Brilliant Co., D.C., 66 F.Supp. 593; Wilson v. Guggenheim, D.C., 70 F.Supp. 417; Feely v. Sidney S. Schupper Interstate Hauling System, Inc., D.C., 72 F.Supp. 663; Willis v. Dennis, D.C., 72 F.Supp. 853. Until there is a holding to the contrary in the appellate courts, this Court will adhere to the cases cited supra which hold the amendment invalid.

The complaint is dismissed for want of jurisdiction.